SLAVIK S. LEYDIKER (SBN 276264)
Law Office of Steve Leydiker
1771 Woodside Road
Redwood City, CA 94061
TEL: (650) 364-3455 FAX: (650) 616-3924

ECF - Exempt

Attorney for Movant, MARIA SOSA

**FILED**

NOV 18 2014

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

Case # : 14-31532-HLBST
Debtor.: KINGSWAY CAPITAL PARTNERS, LLC
Judge..: HANNAH BLUMENSTIEL
Chapter: ST
------------------------------
Filed : November 18, 2014  16:22:12
Deputy : RW
Receipt: 30061374
Amount : $176.00
------------------------------
RELIEF ORDERED
Clerk, U.S. Bankruptcy Court
Northern District Of California

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>KINGSWAY CAPITAL PARTNERS, LLC,<br><br>        Debtor. | **Case No.: 14-31532 HLB 11**<br><br>**Chapter 11**<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY; ACCOMPANYING DECLARATIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**(UNLAWFUL DETAINER)**<br><br>Date of Hearing: December 8, 2014<br>Time:          2:00 p.m.<br>Location:     235 Pine St., 23rd Fl.<br>               San Francisco, CA |

**TO THE HONORABLE JUDGE OF THE UNITED STATES BANKRUPTCY COURT,**

**NORTHERN DISTRICT OF CALIFORNIA**

**I.**

**INTRODUCTORY STATEMENT**

This is a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d),

whereby Maria Sosa (hereinafter "Movant") requests an Order from this Court granting relief

from the automatic stay.

LAW OFFICES OF
STEVE LEYDIKER
1771 WOODSIDE ROAD
REDWOOD CITY, CA 94061
(650) 367-1771

Case: 14-31532    Doc# 26    MOTION FOR RELIEF FROM AUTOMATIC STAY    Filed: 11/18/14    Entered: 11/19/14 13:16:08    Page 1 of 23

## II.

## STATEMENT OF FACTS

1. On or about October 23, 2014, Nathaniel Basola Sobayo, on behalf of Kingsway Capital Partner, LLC (hereinafter "Debtor") commenced a proceeding under Chapter 11 of the United States Code in Bankruptcy Court of the Northern District of California (Case No. 14-31532 HLB 11).

2. Movant is the sole owner of the real property commonly known as 2148 University Avenue, East Palo Alto, California 94303, County of San Mateo (hereinafter the "Commercial Property"). (Declaration of Maria Sosa in Support of Motion for Relief form Automatic Stay, ¶ 1 (hereinafter "Sosa Decl.").)

3. On July 8, 2014, Movant filed an unlawful detainer action against Nathaniel Basola Sobayo, dba Kingsway Capital Partners, LLC (hereinafter "Debtor") in the San Mateo County Superior Court. (*San Mateo County Superior Court Case No.* CLJ209779.) Attached as **Exhibit A** is a true and correct copy of the Complaint in the State action. Movant alleged that Debtor violated the terms of the lease by failing paying rent. The terms of the lease required Debtor to pay a monthly rent payment of $1,750.00 to occupy the Commercial Property. Attached as **Exhibit B** is a true and correct copy of the lease agreement. Since May 2014, Debtor has not made a payment to Movant and has refused to vacate the Commercial Property.

4. Debtor demurred to Movant's complaint. On August 13, 2014, just two day before the scheduled hearing on the Demurrer, Debtor filed a Notice of Removal, incredibly claiming, *inter alia*, violations of the United States Constitution, violations of low income housing tax credit laws, violations of Section 43 of the Federal Internal Revenue Code, and violations of the Federal Fair Debt Collection Practices Act (FDCPA). (See United States District Court, Northern District of California Case No. 3:14-cv-03666-RS.)

5. On September 10, 2014, United States District Judge Richard Seeborg signed an order remanding the case for lack of subject matter jurisdiction. The next day, Debtor filed a

LAW OFFICES OF
STEVE LEYDIKER
1771 WOODSIDE ROAD
REDWOOD CITY, CA 94061
(650) 367-1771

2

completely unmeritorious Notice of Appeal with the United States Court of Appeals for the Ninth Circuit. His appeal was summarily dismissed. (See U.S.C.A. Case No. 14-16749)

6. With jurisdiction of the unlawful detainer action once again with San Mateo County Superior Court, Debtor's demurrer was overruled and he was ordered to file an answer by November 3, 2014. Attached hereto as **Exhibit C** is a true and correct copy of the minute order. The same day, Debtor filed a Notice of Stay of Proceedings, attached hereto as **Exhibit D**.

7. On or about October 23, 2014, the automatic stay took effect prohibiting, among other things, the continued prosecution of the unlawful detainer by Movant to recover possession of the Commercial Property.

8. There is cause for relief from stay pursuant to 11 U.S.C. § 362(d)(1) in that Movant's interest in the Commercial Property is not, and will not, be adequately protected if the stay is allowed to remain in full force and effect. Movant will suffer continuing loss each day that Debtor is allowed to remain in possession of the Commercial Property in that the Movant must continue to make tax and insurance payments on the Premises, while being deprived of possession and income derivable therefrom. (Sosa Decl.. ¶ 12.)

9. Movant is attempting to sell her Commercial Property, which has been in escrow since April 2014. Attached as **Exhibit E** is a true and correct copy of the purchase agreement and escrow receipt. There is reason to believe that the sale of the Commercial Property will fall through unless a disposition on the unlawful detainer action can be had in short order. (Sosa Decl., ¶ 11.)

10. There is cause for relief from stay pursuant to 11 U.S.C. § 362(d)(2) in that the Debtor has no interest in the Commercial Property, and such Commercial Property is not necessary to an effective reorganization.

11. The Debtor has failed to vacate the Commercial Property after the lawful termination of the Debtor's leasehold interest, and has no right to continue lawful possession of the Commercial Property.

LAW OFFICES OF
STEVE LEYDIKER
1771 WOODSIDE ROAD
REDWOOD CITY, CA 94061
(650) 367-1771

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

**III.**

**THE AUTOMATIC STAY SHOULD BE TERMINATED UNDER 11 U.S.C.§ 362(d)(1)**
**BECAUSE THE DEBTOR HAS NO RIGHT TO CONTINUED OCCUPANCY OF THE**
**PREMISES**

As indicated above, Debtor is a tenant under a commercial lease agreement. Debtor has not paid rent to Movant since May 2014. (Sosa Decl., ¶ 3.) In addition, Debtor has sought to prejudice Movant for months by delaying a resolution in the unlawful detainer action by filing a plethora of incoherent pleadings and unmeritoriously attempting to remove the action to federal court. Although it was anticipated that Debtor would file for bankruptcy as stall tactic, Movant continues to suffer a financial and emotional detriment. The sale of the Premises cannot be consummated. (Sosa Decl., ¶ 11.) She continues to pay taxes and insurance payments on the Premises while being deprived of possession and/or profits and income derivable therefrom. (Sosa Decl., ¶ 12.) And she is forced to pay attorney's fees and costs while Debtor pretends to be an attorney, abusing the judicial system for malevolent ends. (Declaration of Steve Leydiker, ¶ 11 (Leydiker Decl.).)

Pursuant to 11 U.S.C. § 362(d)(1), Movant's interst in the Premises is not, and will not, be adequately protected if the stay is allowed to remain in full force and effect.

**IV.**

**THE AUTOMATIC STAY SHOULD BE TERMINATED UNDER 11 U.S.C. § 362(d)(2)**
**BECAUSE THE DEBTOR HAS NO EQUITY IN THE PREMISES**

Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor does not have any equity in the Commercial Property because the Debtor does not have any ownership interest in it. (See Exhibit B; Sosa Decl., ¶ 2.) He is a tenant with a leasehold interest that has been forfeited pursuant to California Civil Code § 1161.

//

//

LAW OFFICES OF
STEVE LEYDIKER
1771 WOODSIDE ROAD
REDWOOD CITY, CA 94061
(650) 367-1771

4

MOTION FOR RELIEF FROM AUTOMATIC STAY

V.

## THE AUTOMATIC STAY SHOULD BE TERMINATED BECAUSE DEBTOR IS NOT A LEGAL ENTITY

Nathaniel Basola Sobayo filed this action on behalf of Kingsway Capital Partners, LLC, claiming that he is the CEO and principal. Mr. Sobayo failed to mention that the Kingsway Capital Partners, LLC is not a legal entity, as it has been revoked. According to the Delaware Department of State: Division of Corporations, Debtor's limited liability status was revoked on June 1, 2014. Attached as **Exhibit F** is a true and correct copy of the Delaware Department of State business filings online status page reflecting Debtor's LLC status as revoked.

**WHEREFORE,** the Movant respectfully requests the following relief:

1.      The automatic stay of 11 U.S.C. § 362(d) be immediately vacated to allow Maria Sosa to pursue her unlawful detainer action against Debtor in San Mateo County Superior Court and to exercise and enforce all non-bankruptcy rights and remedies to obtain possession of the real property commonly known as 2148 University Avenue, East Palo Alto, California 94303;

2.      That that the Order is binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter or Title 11 of the Unites States Code;

3.      That the Court waive the 14-day stay provided by Bankruptcy Rule 4001(a)(3);

4.      For such other and further relief that this Court may deem just and proper.

DATED: November 18, 2014                         Respectfully Submitted,


                                                  _____
                                                  SLAVIK S. LEYDIKER, attorney for Maria
                                                  Sosa, Movant

LAW OFFICES OF
STEVE LEYDIKER
1771 WOODSIDE ROAD
REDWOOD CITY, CA 94061
(650) 367-1771

5

MOTION FOR RELIEF FROM AUTOMATIC STAY

Ex A

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Maria Sosa
2154 A University Avenue
East Palo Alto, CA 94303
TELEPHONE NO.: (408) 661-9984 FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff in propria persona

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY, CA 94063
BRANCH NAME: SOUTHERN BRANCH

**FILED**
SAN MATEO COUNTY

JUL 0 8 2014

Clerk of the Superior Court
BY_____
DEPUTY CLERK

PLAINTIFF: MARIA SOSA,

DEFENDANT: NATHANIEL BASOLA SOBAYO, DBA: KINGSWAY CAPITAL
PARTNERS, LLC, AND

[X] DOES 1 TO V

COMPLAINT — UNLAWFUL DETAINER*

CASE NUMBER:
CLJ209779

[X] COMPLAINT [ ] AMENDED COMPLAINT *(Amendment Number):*

**Jurisdiction** *(check all that apply):*
[X] ACTION IS A LIMITED CIVIL CASE
Amount demanded [X] does not exceed $10,000
[ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
[ ] from unlawful detainer to general unlimited civil (possession not in issue)      [ ] from limited to unlimited
[ ] from unlawful detainer to general limited civil (possession not in issue)      [ ] from unlimited to limited

1. PLAINTIFF *(name each):*
MARIA SOSA

alleges causes of action against DEFENDANT *(name each):*
NATHANIEL BASOLA SOBAYO, KINGSWAY CAPITAL PARTNERS, LLC

2. a. Plaintiff is (1) [X] an individual over the age of 18 years.  (4) [ ] a partnership.
(2) [ ] a public agency.  (5) [ ] a corporation.
(3) [ ] other *(specify):*

b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
2148 UNIVERITY AVENUE, EAST PALO ALTO, 94303, SAN MATEO COUNTY, CALIFORNIA

4. Plaintiff's interest in the premises is [X] as owner [ ] other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about *(date):* JANUARY 16, 2013  defendant *(name each):* NATHANIEL BASOLA SOBAYO,

(1) agreed to rent the premises as a [ ] month-to-month tenancy [X] other tenancy *(specify):* [LEASE THRU
(2) agreed to pay rent of $ 1,750.00 payable [X] monthly [ ] other *(specify frequency):* 01/17/18)
(3) agreed to pay rent on the [ ] first of the month [X] other day *(specify):* 16TH OF THE MONTH.

b. This [X] written [ ] oral agreement was made with
(1) [X] plaintiff.  (3) [ ] plaintiff's predecessor in interest.
(2) [ ] plaintiff's agent.  (4) [ ] other *(specify):*

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. January 1, 2005]

COMPLAINT—UNLAWFUL DETAINER

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 116
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

Case: 14-31532   Doc# 26   Filed: 11/18/14   Entered: 11/19/14 13:16:08   Page 7 of 23

6. c. [X] The defendants not named in item 6a are

    (1) [X] subtenants.

    (2) [ ] assignees.

    (3) [ ] other *(specify)*:

  d. [ ] The agreement was later changed as follows *(specify)*:

  e. [X] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

  f. [ ] *(For residential property)* A copy of the written agreement is not attached because *(specify reason)*:

    (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.

    (2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [X] a. Defendant *(name each)*:

NATHANIEL BASOLA SOBAYO

was served the following notice on the same date and in the same manner:

    (1) [X] 3-day notice to pay rent or quit    (4) [ ] 3-day notice to perform covenants or quit

    (2) [ ] 30-day notice to quit    (5) [ ] 3-day notice to quit

    (3) [ ] 60-day notice to quit    (6) [ ] Other *(specify)*:

  b. (1) On *(date)*: JULY 7, 2014    the period stated in the notice expired at the end of the day.

    (2) Defendants failed to comply with the requirements of the notice by that date.

  c. All facts stated in the notice are true.

  d. [X] The notice included an election of forfeiture.

  e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*

  f. [ ] One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)*

8. a. [X] The notice in item 7a was served on the defendant named in item 7a as follows:

    (1) [X] by personally handing a copy to defendant on *(date)*: JULY 1, 2014

    (2) [ ] by leaving a copy with *(name or description)*:

    a person of suitable age and discretion, on *(date)*:    at defendant's

    [ ] residence [ ] business AND mailing a copy to defendant at defendant's place of residence on

    *(date)*:    because defendant cannot be found at defendant's residence or usual

    place of business.

    (3) [ ] by posting a copy on the premises on *(date)*:    [ ] AND giving a copy to a

    person found residing at the premises AND mailing a copy to defendant at the premises on

    *(date)*:

      (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR

      (b) [ ] because no person of suitable age or discretion can be found there.

    (4) [ ] *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date)*:

    (5) [ ] *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.

  b. [ ] *(Name)*:

    was served on behalf of all defendants who signed a joint written rental agreement.

  c. [ ] Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

  d. [X] Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

UD-100 [Rev. July 1, 2005]        **COMPLAINT—UNLAWFUL DETAINER**

Case: 14-31532   Doc# 26   Filed: 11/18/14   Entered: 11/19/14 13:16:08   Page 8 of 23

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 3,500.00

11. ☒ The fair rental value of the premises is $ 58.33 per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 12.)

13. ☐ A written agreement between the parties provides for attorney fees.

14. ☒ Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage): SEE ATTACHMENT TO THE COMPLAINT

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. PLAINTIFF REQUESTS
   a. possession of the premises.
   b. costs incurred in this proceeding:
   c. ☒ past-due rent of $ 3,033.26 (THRU 07/07/14)
   d. ☐ reasonable attorney fees.
   e. ☒ forfeiture of the agreement.
   f. ☒ damages at the rate stated in item 11 from (date):JULY 8, 2014 for each day that defendants remain in possession through entry of judgment.
   g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
   h. ☒ other (specify): ANY AND ALL FURTHER RELIEF THAT THE COURT DEEMS JUST AND PROPER.

18. ☒ Number of pages attached (specify): (13) THIRTEEN

## UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. (Complete in all cases.) An unlawful detainer assistant ☐ did not ☒ did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)

   a. Assistant's name: Professional Eviction Services
   b. Street address, city, and zip code: 1735 E. Bayshore Road, Ste. 32A Redwood City, CA 94063
   c. Telephone No.: (650) 364-9383
   d. County of registration: SAN MATEO
   e. Registration No.: 001
   f. Expires on (date): 10/24/14

Date: JULY 8, 2014

MARIA SOSA

_____
(TYPE OR PRINT NAME)

*[signature]* Maria Sosa
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: JULY 8, 2014

MARIA SOSA

_____
(TYPE OR PRINT NAME)

*[signature]* Maria Sosa
(SIGNATURE OF PLAINTIFF )

# ATTACHMENT TO COMPLAINT

6a.    Defendant's tenancy is subject to the local rent control ordinance of the City of East Palo Alto, California, entitled Rent Stabilization and Eviction for Good Cause Ordinance of East Palo Alto, San Mateo County, passed April 1986, Ordinance No. 076.

Plaintiff further alleges as follows:

Each rental unit on the property which forms the subject matter of this action substantially complies with the terms of the above-mentioned Ordinance as of the dates of the notices served herein and the commencement of this action. Plaintiff further alleges that he has complied with the implied warranty of habitability as to the subject rental unit as of the date of commencement of this action and has further complied with Sections 10 (Base Rent) and 8 (Rent Registration) of said Ordinance for each and all such rental units on the subject property.

Ex B

## COMMERCIAL LEASE

This Lease Agreement (this "Lease") is dated January 16, 2013, by and between MARIA SOSA, Landlord & Patrick Brock, Agent & Property Manager ("Landlord"), and Nathaniel Basola Sobayo, dba: Kingsway Capital Partners, LLC ("Tenant"). The parties agree as follows:

**PREMISES.** Landlord, in consideration of the lease payments provided in this Lease, leases to Tenant APPROXIMATELY 17 FEET WIDE AND 79 FEET IN LENGTH (the "Premises") located at 2148 UNIVERSITY AVENUE,, EAST PALO ALTO, CA 94303.

**TERM.** The lease term will begin on January 16, 2013 and will terminate on January 17, 2018.

**LEASE PAYMENTS.** Tenant shall pay to Landlord monthly installments of $1,750.00, payable in advance on the sixteen day of each month, for a total lease payment of $105,000.00. Lease payments shall be made to the Landlord at 475 BELL STREET, EAST PALO ALTO, CA 94303, which address may be changed from time to time by the Landlord.

**SECURITY DEPOSIT.** At the time of the signing of this Lease, Tenant shall pay to Landlord, in trust, a security deposit of $1,750.00 to be held and disbursed for Tenant damages to the Premises (if any) as provided by law, the sum of $1400.00, is already in deposit with landlord, the balance of $350.00, shall be paid in (14) monthly installments of $25.00, to make up the $1750.00, security deposit payment.

**POSSESSION.** Tenant shall be entitled to possession on the first day of the term of this Lease, and shall yield possession to Landlord on the last day of the term of this Lease, unless otherwise agreed by both parties in writing. At the expiration of the term, Tenant shall remove its goods and effects and peaceably yield up the Premises to Landlord in as good a condition as when delivered to Tenant, ordinary wear and tear excepted.

**USE OF PREMISES.** Tenant may use the Premises for Real Eastate Investments , Business Sales, Business Marketing, Business Management, Business Marketing Communications, International Transactions, Business Agencies, Rental Agencies, Imports & Export Services, WholeSale & Retail Services, Business Consulting Services, Business Incubator Services, Offices For East Palo Alto & Belle Haven Chamber of Commerce Services, but not limited to all relevant & partinent legally possible services and use. The Premises may be used for any other purpose with the prior written consent of Landlord, which shall not be unreasonably withheld. Tenant shall notify Landlord of any anticipated extended absence from the Premises not later than the first day of the extended absence.

**EXCLUSIVITY.** Landlord shall not directly or indirectly, through any employee, agent, or otherwise, lease any space within the property (except the Premises herein described), or permit the use or occupancy of any such space whose primary use of business is in, or may result in, competition with the Tenants primary use of business. The Landlord hereby gives the Tenant the exclusive right to conduct their primary use of business on the property.

1

**PARKING.** Tenant shall be entitled to use any and all 16 parking space(s) for the parking of the Tenant's customers'/guests' motor vehicle(s), sharing the same parking space(s) with all other tenants'/guests', on first arrived use basis for all.

**PROPERTY INSURANCE.** Landlord and Tenant shall each maintain appropriate insurance for their respective interests in the Premises and property located on the Premises. Landlord shall be named as an additional insured in such policies. Both sides shall deliver appropriate evidence to each side as proof that adequate insurance is in force issued by companies reasonably satisfactory to both sides. Both side shall receive advance written notice from the insurer prior to any termination of such insurance policies. Both sides shall also maintain any other insurance which may reasonably be required for the protection of each side's interest in the Premises.

Tenant is responsible for maintaining casualty insurance on its own property.

**RENEWAL TERMS.** This Lease shall automatically renew for an additional period of One "sixty months" or "5 years" per renewal term, unless either party gives written notice of termination no later than "60 to 90 days" "2 to 3 months" prior to the end of the term or renewal term. The lease terms during any such renewal term shall be the same as those contained in this Lease.

**MAINTENANCE.** Landlord shall have the responsibility to maintain the Premises in good repair at all times.

**UTILITIES AND SERVICES.**

Landlord shall be responsible for the following utilities and services in connection with the Premises:
- water and sewer
- The landlord will be responsible for all repairs to the building, all appurtenants, inside and outside the property, which include all plumbing, eletrical, roof, ceiling, and all fixtures, as the property is from the begining of the lease to the end of the lease.

Tenant shall be responsible for the following utilities and services in connection with the Premises:
- electricity
- gas
- heating
- garbage and trash disposal
- janitorial services
- telephone service
- Upon the begining of the lease, tenant intends to do a major lease hold improvements of the property, with the approval of the landlord and the government authorities. All such intentions, and or services will be offered in specific details in writing for approval, prior to the start of any such duties and responsibilities, to be assumed by tenant.

2

**NON-SUFFICIENT FUNDS.** Tenant shall be charged $28.00 for each check that is returned to Landlord for lack of sufficient funds.

**REMODELING OR STRUCTURAL IMPROVEMENTS.** Tenant shall have the obligation to conduct any construction or remodeling (at Tenant's expense) that may be required to use the Premises as specified above. Tenant may also construct such fixtures on the Premises (at Tenant's expense) that appropriately facilitate its use for such purposes. Such construction shall be undertaken and such fixtures may be erected only with the prior written consent of the Landlord which shall not be unreasonably withheld. Tenant shall may install awnings or advertisements on any part of the Premises with Landlord's prior written consent. At the end of the lease term, Tenant shall be entitled to remove (or at the request of Landlord shall remove) such fixtures, and shall restore the Premises to substantially the same condition of the Premises at the commencement of this Lease.

**INDEMNITY REGARDING USE OF PREMISES.** To the extent permitted by law, Tenant agrees to indemnify, hold harmless, and defend Landlord from and against any and all losses, claims, liabilities, and expenses, if any, which Landlord may suffer or incur in connection with Tenant's possession, use or misuse of the Premises, except Landlord's act or negligence.

**DANGEROUS MATERIALS.** Tenant shall not keep or have on the Premises any article or thing of a dangerous, flammable, or explosive character that might substantially increase the danger of fire on the Premises, or that might be considered hazardous by a responsible insurance company, unless the prior written consent of Landlord is obtained and proof of adequate insurance protection is provided by Tenant .

**COMPLIANCE WITH REGULATIONS.** Tenant shall promptly comply with all laws, ordinances, requirements and regulations of the federal, state, county, municipal and other authorities, and the fire insurance underwriters. However, Tenant shall not by this provision be required to make alterations to the exterior of the building or alterations of a structural nature, without prior written consent of landlord or the government authorities.

**MECHANICS LIENS.** Neither the Tenant nor anyone claiming through the Tenant shall have the right to file mechanics liens or any other kind of lien on the Premises and the filing of this Lease constitutes notice that such liens are invalid. Further, Tenant agrees to (1) give actual advance notice to any contractors, subcontractors or suppliers of goods, labor, or services that such liens will not be valid, and (2) take whatever additional steps that are necessary in order to keep the premises free of all liens resulting from construction done by or for the Tenant.

**NOTICE.** Notices under this Lease shall not be deemed valid unless given or served in writing and forwarded by mail, postage prepaid, addressed as follows:

**LANDLORD:**

MARIA SOSA, Landlord & Patrick Brock, Agent & Property Manager
Care of : 475 BELL ST,
EAST PALO ALTO, CA 94303

4

Tenant acknowledges that Landlord has fully explained to Tenant the utility rates, charges and services for which Tenant will be required to pay to Landlord (if any), other than those to be paid directly to the third-party provider.

**TAXES.** Taxes attributable to the Premises or the use of the Premises shall be allocated as follows:

REAL ESTATE TAXES. Landlord shall pay all real estate taxes and assessments for the Premises.

PERSONAL TAXES. Landlord shall pay all personal taxes and any other charges which may be levied against the Premises and which are attributable to Tenant's use of the Premises, along with all sales and/or use taxes (if any) that may be due in connection with lease payments.

**DESTRUCTION OR CONDEMNATION OF PREMISES.** If the Premises are partially destroyed by fire or other casualty to an extent that prevents the conducting of Tenant's use of the Premises in a normal manner, and if the damage is reasonably repairable within sixty days after the occurrence of the destruction, and if the cost of repair is less than $35,000.00, Landlord shall repair the Premises and a just proportion of the lease payments shall abate during the period of the repair according to the extent to which the Premises have been rendered untenantable. However, if the damage is not repairable within sixty days, or if the cost of repair is $35,000.00 or more, or if Landlord is prevented from repairing the damage by forces beyond Landlord's control, or if the property is condemned, this Lease shall terminate upon twenty days' written notice of such event or condition by either party and any unearned rent paid in advance by Tenant shall be apportioned and refunded to it. Tenant shall give Landlord immediate notice of any damage to the Premises.

**DEFAULTS.** Tenant shall be in default of this Lease if Tenant fails to fulfill any lease obligation or term by which Tenant is bound. Subject to any governing provisions of law to the contrary, if Tenant fails to cure any financial obligation within 15 days (or any other obligation within 90 days) after written notice of such default is provided by Landlord to Tenant, Landlord may take possession of the Premises without further notice (to the extent permitted by law), and without prejudicing Landlord's rights to damages. In the alternative, Landlord may elect to cure any default and the cost of such action shall be added to Tenant's financial obligations under this Lease. All sums of money or charges required to be paid by Tenant under this Lease shall be additional rent, whether or not such sums or charges are designated as "additional rent". The rights provided by this paragraph are cumulative in nature and are in addition to any other rights afforded by law.

**LATE PAYMENTS.** For any payment that is not paid within 15 days after its due date, Tenant shall pay a late fee of $26.25.

**CUMULATIVE RIGHTS.** The rights of the parties under this Lease are cumulative, and shall not be construed as exclusive unless otherwise required by law.

3

<u>**TENANT:**</u>

Nathaniel Basola Sobayo, dba: Kingsway Capital Partners, LLC
P.O.BOX 1052
PALO ALTO, California 94302

Such addresses may be changed from time to time by any party by providing notice as set forth above. Notices mailed in accordance with the above provisions shall be deemed received on the third day after posting.

**GOVERNING LAW.** This Lease shall be construed in accordance with the laws of the State of California.

**ENTIRE AGREEMENT/AMENDMENT.** This Lease Agreement contains the entire agreement of the parties and there are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Lease. This Lease may be modified or amended in writing, if the writing is signed by the party obligated under the amendment.

**SEVERABILITY.** If any portion of this Lease shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Lease is invalid or unenforceable, but that by limiting such provision, it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**WAIVER.** The failure of either party to enforce any provisions of this Lease shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Lease.

**BINDING EFFECT.** The provisions of this Lease shall be binding upon and inure to the benefit of both parties and their respective legal representatives, successors and assigns.

**LANDLORD:**

5

_____ Date: 1-29-13 / 1-18--13

MARIA SOSA, Landlord & Patrick Brock, Agent & Property Manager

**TENANT:**
**Nathaniel Basola Sobayo, dba: Kingsway Capital Partners, LLC**

By: _____ Date: 1/29/2013

Nathaniel Basola Sobayo

6



EXHIBIT A



 

# Minute Orders

**Home**   **Complaints/Parties**   **Actions**   **Minutes**   **Pending Hearings**   **Case Report**   **Images**

Case Type:

Case Number:        Search

## Case CLJ209779 - MARIA SOSA, vs. NATHANIEL BASOLA SOBAYO etal.
**Action:**   (Choose)

## HEARING ON NATHANIEL SOBAYO, ET AL DEMURRER.
## 10/27/2014 - 9:01 AM DEPT. LM

HONORABLE ELIZABETH K. LEE, JUDGE PRESIDING. CLERK: SYLVIA CUELLAR COURT REPORTER: SONIA KOLOKOURIS RISTING

NO APPEARANCE IS MADE BY ANY PARTIES HEREIN OR THEIR COUNSEL OF RECORD.

TENTATIVE RULING ADOPTED AND BECOMES THE ORDER:

THE 27 PAGE DEMURRER FILED BY DEFENDANT SOBAYO IS OVERRULED. THE COMPLAINT ALLEGES ON ITS FACE

THAT PLAINTIFF IS THE OWNER AND LANDLORD OF THE PROPERTY AT ISSUE. (SEE COMPLAINT PARAGRAPH 4;

LEASE, EXHIBIT 1 TO COMPLAINT.)

* *.

DEFENDANT SHALL FILE AND SERVE AN ANSWER NO LATER THAN NOVEMBER 3, 2014.

* *.

IF THE TENTATIVE RULING IS UNCONTESTED, IT SHALL BECOME THE ORDER OF THE COURT. THEREAFTER,

COUNSEL FOR PLAINTIFF SHALL PREPARE FOR THE COURTS SIGNATURE A WRITTEN ORDER CONSISTENT

WITH THE ABOVE RULING, PURSUANT TO CALIFORNIA RULES OF COURT, RULE 3.1312, AND PROVIDE WRITTEN

NOTICE OF THE RULING TO ALL PARTIES WHO HAVE APPEARED IN THE ACTION, AS REQUIRED BY LAW AND

THE CALIFORNIA RULES OF COURT. THE ORDER IS TO BE SUBMITTED DIRECTLY TO JUDGE ELIZABETH K. LEE,

DEPARTMENT 17.

ENTERED BY SC ON 10/27/14.

===================================



ORIGINAL

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Nathaniel Basola Sobayo, dba Kingsway Capital<br>Partners, LLC 2148 University Avenue, East Palo Alto, Ca 94303<br>TELEPHONE NO: 650-323-1849  FAX NO *(Optional)*: 650-228-2492<br>E-MAIL ADDRESS *(Optional)*: nathaniel.sobayo@gmail.com<br>ATTORNEY FOR *(Name)*: In Pro Per | FOR COURT USE ONLY<br><br>**FILED**<br>SAN MATEO COUNTY<br><br>OCT 27 2014<br><br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City CA 94063
BRANCH NAME: Hall of Justice & Records

PLAINTIFF/PETITIONER: Sosa et al

DEFENDANT/RESPONDENT: Sobayo et al

| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER: CLJ 209779 |
|---|---|
| | JUDGE: |
| | DEPT: |

**To the court and to all parties:**

1. Declarant *(name)*: Nathaniel Basola Sobayo, dba Kingsway Capital Partners, LLC
   a. ☑ is ☑ the party ☑ the attorney for the party who requested or caused the stay (In pro per)
   b. ☑ is ☑ the plaintiff or petitioner ☑ the attorney for the plaintiff or petitioner The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court

2. This case is stayed as follows
   a. ☑ With regard to all parties
   b. ☐ With regard to the following parties *(specify by name and party designation)*

3. Reason for the stay:
   a. ☑ Automatic stay caused by a filing in another court *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*
   b. ☑ Order of a federal court or of a higher California court *(Attach a copy of the court order.)*
   c. ☐ Contractual arbitration under Code of Civil Procedure section 1281 4 *(Attach a copy of the order directing arbitration.)*
   d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201 *(Attach a copy of the client's request for arbitration showing filing and service.)*
   e. ☑ Other Please see all attachments as Exhibits.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date: 10/24/2014

Nathaniel Basola Sobayo
_____
(TYPE OR PRINT NAME OF DECLARANT)

► _____
(SIGNATURE)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Cal Rules of Court, rule 3 650
www.courtinfo.ca.gov

Ex. E