C. Alex Naegele (CA Bar No. 255887)
C. ALEX NAEGELE,
A PROFESSIONAL LAW CORPORATION
95 South Market Street, Suite 300
San Jose, CA, 95113
Telephone: (408) 995-3224
Facsimile: (408) 890-4645
Email: alex@canlawcorp.com

[Proposed] Attorney for Kingsway Capital Partners, LLC
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 14-31532 HLB |
| Kingsway Capital Partners, LLC | Chapter 11 |
| Debtor. | **OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | Date: December 8, 2014 |
| | Time: 2:00 p.m. |
| | Location: U.S. Bankruptcy Court |
| | 235 Pine St, 23rd Floor |
| | San Francisco, CA, 94104 |
| | Hon. Hannah L. Blumenstiel |

Kingsway Capital Partners, LLC, debtor and debtor in possession herein (the "Debtor") opposes the *Motion For Relief From Automatic Stay* filed by Maria Sosa, as follows:

## I. INTRODUCTION

On November 19, 2014, this Court denied the original motion for relief from automatic stay (the "Original Motion") filed by Maria Sosa ("Sosa") on the grounds that Sosa "failed to submit evidence of the governing lease, evidence of nonpayment of rent, evidence of revocation of the Debtor's corporate status, and evidence of a lack of adequate protection of her interest in the subject property." ECF No 33. Now, Sosa has filed this revised motion for relief from the automatic stay (the "Revised Motion"), curing only one of the above four (4) defects, by attaching a copy of the governing lease. Based on the failure of Sosa to attach evidence of the three remaining categories, this Court should deny the Revised Motion for the same reasons that this Court denied the Original Motion.

## II. ARGUMENT

### A. Sosa Has Failed To Attach Evidence Of A Lack Of Adequate Protection.

Sosa has failed to submit evidence of a lack of adequate protection. Lack of adequate protection includes diminution in value. Courts have adopted an "equity cushion" theory in determining whether to lift the stay with respect to a secured creditor. Cook, Michael L. *Bankruptcy Litigation Manual,* 2011-2012 Edition, ¶ 505[B]. The secured creditor bears the burden of proof on this issue under bankruptcy code section 362(g).

Sosa does not attach documentation about the value of the property, the value of all of the liens, and the "equity cushion" or lack thereof which would give rise to a lack of adequate protection. Because Sosa bears the burden of proof on this issue, this argument must fail.

### B. Relief From The Automatic Stay Is Not Proper Where A Landlord Is Seeking To Enforce Its Rights Under A Lease In Default.

Relief from the automatic stay has been held to be improper when a landlord is seeking to enforce its rights under a lease in default. Cook, Michael L. *Bankruptcy Litigation Manual,* 2011-2012 Edition, ¶ 505[C] *citing In re Attorneys Office Mgmt., Inc.*, 29 B.R. 96 (Bankr C.D. Cal. 1983); *In re Merchants Plaza, Inc.,* 35 B.R. 888 (Bankr. E.D. Tenn, 1983).

Sosa, here, is seeking relief from the automatic stay for a lease in default. The Revised Motion makes this clear. "Movant alleged that Debtor violated the terms of the lease by failing

to pay rent." Revised Motion, Page 2. The grounds upon which Sosa relies as reason for relief from the automatic stay are therefore not valid grounds for relief from the automatic stay.

The Debtor has a five year lease, and will file a motion to assume this lease in Debtor's case. Debtor has the funds in its bank account to full pay the back due rent and cure the default in full. This is a valid use of the Chapter 11 bankruptcy process.

### C. Sosa Has Failed To Attach Evidence Of Ownership Of The Property.

Sosa has also failed to submit evidence that Sosa is the owner of the property in question. On information and belief, the Debtor asserts that Sosa is the trustee of a trust that owns the property, of which Sosa is not the beneficial owner. Upon information and belief, Sosa therefore lacks standing to prosecute this motion due to lack of ownership.

### D. Sosa Has Failed To Attach Evidence Of Nonpayment Of Rent.

This Court specifically requested that Sosa include evidence of nonpayment of rent in Sosa's Original Motion. Now, in Sosa's Revised Motion, instead of including evidence of nonpayment of rent, Sosa has included only legal pleadings from the unlawful detainer action, the lease, and an escrow agreement for sale of the property, and failed to include evidence of non-payment of rent.

### E. Debtor's Possessory Interest In The Lease Is Necessary To An Effective Reorganization.

Contrary to the allegations of Sosa in the Revised Motion, Debtor's possessory interest in the lease is necessary to effect a reorganization. Debtor filed this chapter 11 bankruptcy due to a breakdown in communication between Debtor and Sosa. Debtor has the ability to full pay the back rent, and intends to do so in this Chapter 11 proceeding.

### F. This Motion Is Premature

This Revised Motion for relief from the automatic stay is premature given that Sosa has failed to prove a lack of adequate protection, or other grounds for relief from the automatic stay, and the Debtor intends to full pay the outstanding balance of rent owed under the plan of reorganization. Even if Sosa does not vote for the plan, the Debtor can successfully confirm a plan under 1129(b) of the Bankruptcy Code.

III. CONCLUSION

WHEREFORE, Debtor hereby requests that this Court deny Sosa's motion for relief from the automatic stay, and grant further and other relief as necessary and proper.

**C. ALEX NAEGELE,**
**A PROFESSIONAL LAW CORPORATION**

Date: December 5, 2014                    By: /s/ C. Alex Naegele
                                            C. Alex Naegele
                                            [Proposed] Attorney for Kingsway Capital Partners, LLC, Debtor and Debtor in Possession