KINGSWAY CAPITAL PARTNER, LLC.
2148 University Avenue
East Palo Alto, California 94303-1714
(650) 323-1849
(650) 228-2492 FAX

FILED
DEC 05 2014
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re:

KINGSWAY CAPITAL PARTNER, LLC,

    Debtor

Case No.: 14-31532 HLB 11

DEBTORS' RESPONSE IN OPPOSITION TO NOTICE OF MOTION AND MOTION FOR RELIEF FROM AUTOMATIC STAY

DATE: DECEMBER 8, 2014
TIME: 2:00 P.M.
DEPT:

DEBTOR RESPONSE IN OPPOSITION TO MARIA SOSA, NOTICE OF MOTION AND MOTION FOR RELIEF FROM AUTOMATIC STAY:

### I. INTRODUCTORY STATEMENT

Movant has not met the burden of going forward where she has not proved the prima facie grounds justifying relief from stay under 11 USC §362(d)(1) or (2). Moreover, Debtor's continued possession of the property is necessary for an effective reorganization under 11 USC §362(d)(2).

### I. STATEMENT OF FACTS

On or around January 29, 2013, Debtor and Maria Sosa and Patrick Brock entered into a lease agreement. The lease agreement was for 5 years. The Debtor entered into the lease agreement with intentions of first leasing and then purchasing the property located at 2148 University Avenue, East Palo Alto, California 94303.

Debtor paid to lessor the sum of $1750 each month until on or about April 16, 2014. At which time, a discrepancy arose regarding the rent due, because from January through April 2014, the roof leaked water due to the rain and destroyed a large portion of the Debtor's business property. The cost of the damages to debtor's business property is approximately $1,630,500.

Debtor leased space presently continues to leak water in which debtor has stored items to protect them from the rain. Nevertheless, the leased space in necessary for debtor's reorganization because the totality of debtor's business items have been damaged and is due from the movant in damages. As a result of the damages caused by Movant, Debtor received a default judgment against movant for 1661,567 on October 27, 2014 for the damage to his business property(See Debtor's **Exhibit A**), which is an asset to this Bankruptcy case.

On October 27, 2014, Debtor also filed notice of this Bankruptcy proceeding in the Superior Court. Mysteriously and without debtor's knowledge or even a proof of service document filed with the court Movant managed to set aside the default

In Re Kingsway Capital Partners L.L.C. Response Motion for Relief from Stay

judgment on October 31, 2014. As a result, Debtor has appealed the set aside of the Default Judgment.

## II. ARGUMENT

### A. THE AUTOMATIC STAY SHOULD NOT BE TERMINATED UNDER 11 U.S.C. SECTION 362(d)(1) BECAUSE MOVANT'S HAS NOT MET ITS BURDEN OF SHOWING THE DEBTOR HAS NO EQUITY IN THE PROPERTY.

Movant Complains that a relief from the automatic stay should be granted under 11 U.S.C section 362(d)(1). However, movant has not met its burden proving the debtor does not have equity in the property. The movant's motion must be supported by admissible evidence in the form of declarations or other evidence establishing a prima facie case of the alleged "cause" for relief from stay. If the movant fails to make an initial showing of cause…the court should deny relief with out requiring any showing from the debtor that it is entitled to continued protection." *In re Sonnax Indus.*, Inc. Supra. 907 F2d at 1285; *In re Ronald Peristein Enterprises, Inc*. (BC ED PA 1987) 70 BR 1005, 1007.

Here, the movant submits a 2-page declaration. However, the only exhibit attached and submitted under penalty of perjury is a "3 day notice to pay rent or vacate." Moreover, in the declaration movant claims she is the sole owner of the property located at 2148 University Avenue, East Palo Alto, California. However, she does not submit any credible evidence of ownership. In fact, it appears from the county records that the property listed is owned by a Trust (Please see Debtor's **Exhibit C**). It

is questionable whether Maria Sosa has any standing to bring forth this action.

Moreover, Maria Sosa attaches Exhibits A-F to her Motion to be relieved from the Automatic Stay. However, they are not attached to or referred to in her declaration and therefore, not admitted under "Penalty of Perjury." The Exhibits should be deemed inadmissible and stricken from the record.

Therefore, without sufficient admissible evidence submitted to this court to establish a prima facie case of the alleged "cause" for relief, the relief should be denied.

**B   THE AUTOMATIC STAY SHOULD NOT BE TERMINATED UNDER 11 U.S.C. § 362(d)(2) BECAUSE THE LEASEHOLD ESTATE IS NECESSARY FOR DEBTOR'S REORGANIZATION.**

Debtor shall be allowed to keep his business alive and pay creditors over time. Where the property is needed for an affective reorganization under 11 U.S.C. § 362(d)(2) relief from the stay will be denied even if the debtor has no equity in the property. [*La Jolla Mortg. Fund v. Rancho El Cajon Assocs.* (BC SD CA 1982) 18 BR 283, 289-290; In re Elmore (BC CD CA 1988) 94 BR 670, 677.

*In re Dahlquist* (BC D SD 1983) 34 BR 476, 483, the Court found that debtors had no equity in livestock, crops, equipment and other farm products but property was needed for effective reorganization. Here, Debtor rented commercial property to run his business of real estate investment. To operate the

Case: 14-31532   Doc# 42   Filed: 12/05/14   Entered: 12/08/14 09:37:15   Page 4 of 6

business, Debtor often meets clients in the commercial office space, works on his computer and business equipment, stores business files, employs personnel, and uses his entire commercial office space to run his business.

In early 2014, the commercial building space's, (the property at issue), where debtor operates his business, roof leaked on all of debtor's belongings, causing them to get wet and ultimately destroyed. As a result of the leaky roof, debtor lost his expensive computer equipment, collectibles, books, artwork, business furniture, business files and more. The extensive lost was approximately 1.6 million dollars (See Debtor's Exhibit A).

Under the lease, the landlord is responsible for maintaining insurance on the premises. Debtor reported the damages to the landlord and requested to view the landlord's insurance policy. However, the landlord refused to disclose the policy or repair the damage to debtor's business equipment, files, furniture etc.

Because of the leaky roof Debtor has been driven into bankruptcy in order to reorganize and recover from the severe loss to his business.

Therefore, where there is no equity in the property, where the property is necessary for an effective reorganization the stay should not be lifted under 11 USC §362(d)(2).

### C. DEBTOR'S STATUS AS A LEGAL ENTITY IS CORRECTIBLE UNDER A REORGANIZATION.

In Re Kingsway Capital Partners L.L.C. Response Motion for Relief from Stay

Debtor has filed this bankruptcy in under Chapter 11 USC for the purpose of reorganization. Where Debtor is in default of the Delaware Corporation fees of approximately $1500, they will be paid through the reorganization process, (See Debtor's **Exhibit B**).

### III. CONCLUSION

For the reasons set forth herein, the Court should deny the defendants motion for relief from stay under both 11 USC §362(d)(1) and (2).

KINGSWAY CAPITAL PARTNERS LLC.

Dated: 12/5/2014

KINGSWAY CAPITAL PARTNER, LLC.