1  C. Alex Naegele (CA Bar No. 255887)
   C. ALEX NAEGELE,
2  A PROFESSIONAL LAW CORPORATION
3  95 South Market Street, Suite 300
   San Jose, CA, 95113
4  Telephone: (408) 995-3224
   Facsimile: (408) 890-4645
5  Email: alex@canlawcorp.com

6
   [Proposed] Attorney for Kingsway Capital Partners, LLC
7  Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 14-31532 HLB |
| Kingsway Capital Partners, LLC | Chapter 11 |
| Debtor. | **CHAPTER 11 STATUS CONFERENCE STATEMENT OF DEBTOR** |
| | Date: December 18, 2014 |
| | Time: 10:00 a.m. |
| | Loc: 235 Pine St., 23rd Fl. |
| | San Francisco, CA |
| | Hon. Hannah L. Blumenstiel |

   Kingsway Capital Partners, LLC, debtor and debtor in possession herein (the "Debtor") hereby submits its Chapter 11 status conference statement.

**1.  The Issues That Prompted The Filing Of This Case.**

   The Debtor is involved in the automobile rent to own and consulting business, with principal business location at 2148 University Ave, East Palo Alto, CA, 94303. The Debtor rents a commercial space at that location from Maria Sosa, and/or a trust for which Maria Sosa is the trustee ("Landlord").

   Sometime around April or May of 2014, a storm caused severe rain damage to the premises

at 2148 University Ave, East Palo Alto, CA, 94303. Inside the premises, the Debtor and/or the Debtor's principal, Nathaniel Saboyo ("Principal"), had located business and personal property which was severely damaged. Property damages included business damages to computers, the intellectual property on the computers, as well as non-business damages to furniture, books, and collectables.

The lease provides that landlord shall promptly make repairs necessary to maintain the property. On information and believe, Landlord claims to have fixed the premises, but the Debtor asserts that the repairs were either incomplete or insufficient to withstand another rain storm and future property damages. Because Landlord failed to repair the premises according to the contract, the Debtor withheld rent.

Landlord, acting under the assumption that the withholding of rent entitled Landlord to possession, filed an unlawful detainer action in the Superior Court of California, County of San Mateo with case number CLJ209779, naming both the Debtor and Debtor's Principal.

On information and belief, Debtor and Principal filed a demurrer to the unlawful detainer complaint. On information and belief, Debtor and principal also filed a cross complaint for damages sustained to Debtor's property, above.

Faced with the threat of eviction, when Debtor has the ability to full pay the back rent, Debtor filed for Chapter 11 bankruptcy. Debtor can full pay the back rent and intends to file a motion to assume the lease to remain in possession of the property at 2148 University Ave, East Palo Alto, CA, 94303.

2. **341 Meeting Of Creditors.**

Debtor is a Limited Liability Company ("LLC") and filed this case without an attorney on October 23, 2014. On October 24, 2014, this Court issued an Order To Show Cause ("OSC") re lack of counsel since corporations and LLCs are not authorized to file and prosecute a Chapter 11 bankruptcy without counsel.

Debtor's Principal attended the Initial Debtor Interview ("IDI") at which time he was told not to focus on the requirements of the Chapter 11 case but instead to focus on finding an attorney. Debtor's Principal spent the next month and a half attempting to find a lawyer.

Because Debtor's Principal was instructed to spend time finding a lawyer and not to attempt to gather the required documents for the Initial Debtor Interview or 341 Meeting of Creditors, Debtor's Principal did not spend time gathering the required documents.

The Court then required the Debtor to have an attorney enter an appearance by December 5, 2014, or this case would be dismissed without further notice. The Debtor's Principal spent the entire week of December 1, 2014 trying to find lawyers to take his case. As such, the Debtor's principal failed to show up to the initial 341 meeting of creditors on December 2, 2014. The 341 meeting of creditors was continued to December 16, 2014 at 1:00 p.m.

Debtor thereafter found current proposed counsel, who entered an appearance on December 4, 2014. Debtor's proposed current counsel will make sure Debtor's Principal shows up to the continued 341 meeting of creditors on December 16, 2014 at 1:00 p.m.

**3.    The Estate's Need For Professionals**

This case is not complicated. The Debtor owes back rent, and can full pay the back rent through a plan of reorganization after filing a motion to assume the lease. The plan can be confirmed under section 1129(b) as all creditors will be paid in full.

Aside from this one issue, the only other issue is a pending adversary proceeding that Debtor's Principal filed prior to current proposed counsel entering a notice of appearance. On information and belief, this lawsuit appears to be the claim for damages to the Debtor's property.

Based on the above, the Debtor will need an attorney, and possibly a bookkeeper, but nothing more.

**4.    Unique Issues Concerning Secured Creditors, Leases, And Management.**

The only issue is the executory contract which the Debtor will file a motion to assume. There are no issues with secured debt or cash collateral because the Debtor does not own any real property. There are no employees since the Debtor is a single member LLC, and is not required to have employees. There is no issue with existing management.

**5.    Postpetition Operations And Revenue.**

Debtor's Principal has not been advised of the proper way to run a Chapter 11 case and did not open a debtor-in-possession bank account or file the required monthly operating reports until

Debtor's current proposed counsel entered an appearance. Additionally, the Debtor's bank account appears to have expenses that vary each month based on the amount of income that comes in as opposed to fixed expenses each month. This will need to stop, as it is not the proper way to run a Chapter 11 case. The Debtor's estimated monthly income is approximately $10,000, and estimated monthly expenses are $5,000, leaving a net profit of approximately $5,000 each month. This will be communicated to Debtor's principal and the December, 2014 bank statement should reflect this more than the October and November bank statements.

**6. Status Of Any Litigation Pending.**

As stated previously, there is an unlawful detainer action pending against the Debtor and Debtor's Principal which was stayed by the filing of this bankruptcy case. There is also an adversary proceeding for damages to Debtor's personal property filed in this bankruptcy case.

**7. Communication And Documents Given To The The United States Trustee**

After being unable to reach the United States trustee by email or telephone from December 3 through December 8, 2014, on December 9, 2014, Debtor's proposed counsel was able to reach counsel for United States Trustee by telephone. Counsel for United States Trustee gave Debtor's counsel thirty six (36) hours to submit all of the documents required at the Initial Debtor Interview by 5:00 p.m. on December 10, 2014, or else the United States Trustee would file a motion to dismiss this case. Debtor's counsel successfully submitted 95% of the required documents to the United States Trustee by 5:00 p.m. on December 10, 2014, and submitted the remaining 5% on December 11, 2014.

**8. Type And Adequacy Of Insurance Coverage**

On information and belief, Debtor maintains adequate insurance for renting the premises at 2148 University Ave, East Palo Alto, CA, 9430.

**9. An Outline Of The Proposed Plan**

There is only one creditor, Landlord Maria Sosa and/or a Trust for which Sosa is the trustee. Debtor intends to file a motion to assume the lease, and pay the back rent in full under the plan.

10. **A Proposed Schedule For Filing And Confirming The Proposed Plan**

Because Debtor's proposed counsel has been swamped with trying to play "catch up" in filing all of the required documetns on time, Debtor's counsel intends to file first day motions next, followed by a motion to assume a lease, followed by a plan. The earliest a plan could be on file is therefore March or April, 2015. Debtor may file a motion to extend the exclusivity period.

11. **Any Other Matters That Might Materially Affect The Administration Of This Case**

On December 8, 2014, this Court entered an order directing the Debtor and Landlord Maria Sosa to file briefing on the issue of whether or not Debtor's withholding rent operated as a termination of the lease pursuant to California law. The Court set a briefing schedule with a hearing Februrary 19, 2015.

                                                            **C. ALEX NAEGELE,**
                                                            **A PROFESSIONAL LAW CORPORATION**

Date: December 11, 2014                    By: /s/ C. Alex Naegele
                                                             C. Alex Naegele
                                                             [Proposed] Attorney for Kingsway Capital Partners, LLC, Debtor and Debtor in Possession