C. Alex Naegele (CA Bar No. 255887)
C. ALEX NAEGELE,
A PROFESSIONAL LAW CORPORATION
95 South Market Street, Suite 300
San Jose, CA, 95113
Telephone: (408) 995-3224
Facsimile: (408) 890-4645
Email: alex@canlawcorp.com

[Proposed] Attorney for Kingsway Capital Partners, LLC
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 14-31532  HLB |
| Kingsway Capital Partners, LLC | Chapter 11 |
| Debtor. | **SUPPLEMENT TO *EX-PARTE* APPLICATION OF DEBTOR FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL** |
| | [No Hearing Requested] |

**TO THE HONORABLE HANNAH L. BLUMENSTIEL, UNITED STATES BANKRUPTCY JUDGE:**

Kingsway Capital Partners, LLC, the Debtor and Debtor in Possession herein (the "Debtor") hereby submits this supplement to the *Ex Parte* Application to Employ C. Alex Naegele, A Professional Law Corporation as general bankruptcy counsel (the "Application") to address the factors in *In re Atkins*, 69 F.3d 970, 971 (9th Cir. 1995) that will allow the Court to grant *nunc pro tunc* employment to December 4, 2014.

Case: 14-31532   Doc# 72   Filed: 12/29/14   Entered: 12/29/14 16:38:40   Page 1 of 7

# I.    STATEMENT OF FACTS

On October 23, 2014, the Debtor filed chapter 11 bankruptcy without an attorney.  ECF No. 1.  On October 24, 2014, the Court issued an order to show cause why the chapter 11 case should not be dismissed for failure of a corporate debtor to file a chapter 11 case without an attorney.  ECF No. 8.

From October 24, 2014 until December 4, 2014, the Debtor's responsible individual, Nathaniel Sobayo, looked for an attorney to take on this case and become counsel for the Debtor. Mr. Sobayo consulted with the following attorneys and associations:

- David W. Wessel, Attorney at Law, with Offices of Boris E. Efron, Portolla Valley, California.
- Castillo Law Firm, San Jose, California.
- San Francisco County Bar Association.
- San Mateo County Bar Association.
- Santa Clara County Bar Association.
- Law Offices of David Boone, San Jose, California.
- Alan Zlotoff, Attorney-at-Law, Menlo Park, CA.
- Larry Jacobsen, Attorney-at-Law, Redwood City, CA.
- Gill McDonald, Attorney-at-Law, San Francisco, CA
- Law Offices Of Hien Doan, Oakland, CA.

The Court set a deadline of December 5, 2014 for retaining an attorney or this case would be dismissed.  The Debtor found C. Alex Naegele, A Professional Law Corporation, who signed an attorney-client fee agreement and entered an appearance as proposed counsel on December 4, 2014 on an emergency basis.  C. Alex Naegele, A Professional Law Corporation then provided emergency services from December 4, 2014 to December 18, 2014, by filing immediately filing an opposition to a motion for relief from stay, attending a hearing on a motion for relief from stay, obtaining all the necessary documents for the initial debtor interview and getting these documents to the U.S. Trustee, filing two overdue monthly operating reports, filing a status conference statement, filing  an application to designate responsible individual, attending the 341

meeting of creditors, attending a status conference, and amending the voluntary petition and schedules.

Finally, after performing the necessary emergency services above to keep this case from being dismissed, the Debtor finally filed an Application To Employ C. Alex Naegele, A Professional Law Corporation (the "Application") on December 22, 2014. The Application sought retroactive employment (i.e. "*nunc pro tunc*") to the date that C. Alex Naegele, A Professional Law Corporation first started performing services, December 4, 2014 for the necessary, emergency services.

## II. ARGUMENT

### A. **This Court Is Permitted To Grant *Nunc Pro Tunc* Employment Under The Holding Of *In re Atkins*.**

When bankruptcy professionals render services on an emergency basis after a chapter 11 bankruptcy case has been filed but before an application to employ has been approved by the Court, the bankruptcy court possesses equitable power to approve retroactively professional's valuable but unauthorized services. *In re Atkins*, 69 F.3d 970, 971 (9th Cir. 1995).

In *Atkins*, chapter 11 individual debtors needed an experienced tax accountant and tax lawyer to prepare for an imminent trial in a lawsuit brought by the Internal Revenue Service ("IRS") against the Debtors. Mr. Atkins, a senior tax accountant, signed an engagement letter with the Debtors, as well as Mr. Whitney, a tax lawyer, who the Debtors also hired. The tax accountant and tax lawyer performed valuable, necessary services for the Debtors in relation to the trial with the IRS. However, the Debtors never filed an application to employ either the tax accountant or tax lawyer. Nevertheless, the tax accountant and tax lawyer sent out invoices for services rendered, which were never paid. *In re Atkins*, 69 F.3d at 971-72.

Nearly one year after having performed the services, the tax accountant and tax lawyer filed applications to employ to get paid for their work. The bankruptcy court found that "exceptional circumstances" existed to retroactively approve the work as it was done very quickly and in an emergency setting, and that the firms work helped benefit the estate by

reducing the IRS's claim from over $200,000 to $85,000. On that ground, the bankruptcy court granted *nunc pro tunc* employment. *Id.* at 972-73.

The Debtors appealed to the bankruptcy appellate panel ("BAP"), which affirmed. The Debtors appealed again to the ninth circuit, which affirmed. In doing so, the ninth circuit set out several factors to justify *nunc pro tunc* employment on a retroactive basis. These factors are:

1. The debtor, trustee or committee expressly contracted with the professional person to perform the services which were thereafter rendered;

2. The party for whom the work was performed approves the entry of the *nunc pro tunc* order;

3. The applicant has provided notice of the application to creditors and parties in interest and has provided an opportunity for filing objections;

4. No creditor or party in interest offers reasonable objection to the entry of the *nunc pro tunc* order;

5. The professional satisfied all the criteria for employment pursuant to 11 U.S.C.A. § 327 (West 1979) and Rule 215 [now Rule 2014] of the Federal Rules of Bankruptcy Procedure at or before the time services were actually commenced and remained qualified during the period for which services were provided;

6. The work was performed properly, efficiently, and to a high standard of quality;

7. No actual or potential prejudice will inure to the estate or other parties in interest;

8. The applicant's failure to seek pre-employment approval is satisfactorily explained; and

9. The applicant exhibits no pattern of inattention or negligence in soliciting judicial approval for the employment of professionals.

*In re Atkins*, 69 F.3d at 974. Here, all nine criteria are met, as set out below, and this Court should grant *nunc pro tunc* employment to December 4, 2014.

**B.     The Debtor Contracted Directly With The Professional.**

This requires that the Debtor directly contract with the professional. As more fully stated in the Declaration of C. Alex Naegele, Exhibit A attached to the Application To Employ, the Debtor did directly contract with C. Alex Naegele, A Professional Law Corporation and the fee agreement with the Debtor's responsible individual's signature is on the fee agreement.

C.    **The Debtor Approves _Nunc Pro Tunc_ Employment.**

As more fully set out in the _Declaration of Nathaniel Sobayo_ in support of this supplement, the Debtor approves the retroactive _nunc pro tunc_ employment of C. Alex Naegele, A Professional Law Corporation for services rendered from December 4, 2014 onwards.

D.    **The Debtor Has Provided Notice And Opportunity For Filing Objections**

The Application To Employ C. Alex Naegele, A Professional Law Corporation was filed on an _Ex Parte_ basis on December 22, 2014, and was served on all creditors in accordance with all laws requiring notice to be served on all creditors.  Any such creditor may object to the Application within the time limits proscribed by the filing of _Ex Parte_ applications.

E.    **No Creditor Objects To _Nunc Pro Tunc_ Employment.**

The Application was filed on December 22, 2014.  As of December 29, 2014, no creditor has objected to the Application.

F.    **The Applicant Is Disinterested.**

As more fully set out in the Application, and the _Declaration of C. Alex Naegele_ in support thereof, the Applicant, C. Alex Naegele, A Professional Law Corporation, believes that it has met all criterial for employment under 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014.

G.    **The Work Was Performed Properly**

C. Alex Naegele, A Professional Law Corporation performed the first sixty (60) days worth of work in a Chapter 11 case in only fourteen (14) days.  Moreover, the work performed in these fourteen (14) days was sufficiently of high quality to let this chapter 11 case continue in operation.  Therefore, this factor has been satisfied.

H.    **No Prejudice To Estate**

There does not appear to be any prejudice to the estate because this Chapter 11 case is just getting started, and no potential problems about administrative expenses confirming a chapter 11 plan are present as in _Atkins_.

**I.    Satisfactory Excuse**

This element requires that the Applicant, C. Alex Naegele, A Professional Law Corporation have a satisfactory excuse for not obtaining authorization for employment sooner. As more fully set out in the *Declaration of C. Alex Naegele* attached hereto, the Applicant simply did not have time to file the Application To Employ prior to performing the necessary, emergency services to prevent this case from being dismissed.  Had the Applicant filed an Application sooner, and not filed the other documents, this case most likely would have been dismissed.

**J.    No Negligence**

This element requires that the Applicant, C. Alex Naegele, A Professional Law Corporation, not have filed the Application late due to inattention or negligence.  As previously discussed, the Application was not filed late due to inattention or negligence, but rather because had the Application been brought sooner, and other work not been performed, this case most likely would have been dismissed.

**III.    CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that this Court approve the employment of C. Alex Naegele, A Professional Law Corporation as counsel, *nunc pro tunc* and retroactive effective as of December 4, 2014, because C. Alex Naegele, A Professional Law Corporation performed necessary, valuable, and emergency services which meet the requirements set out by the ninth circuit in *In re Atkins*, 69 F.3d 970, 971 (9th Cir. 1995).


Dated: December 29, 2014          KINGSWAY CAPITAL PARTNERS, LLC


  /s/ Nathaniel Sobayo
By: Nathaniel Sobayo, Responsible Individual

Submitted by:

**C. ALEX NAEGELE**
**A PROFESSIONAL LAW CORPORATION**


By: /s/ C. Alex Naegele
      C. Alex Naegele (Cal. Bar No. 255887)
      [Proposed] Attorney for
      Kingsway Capital Partners, LLC. Debtor
      and Debtor in Possession