C. Alex Naegele (CA Bar No. 255887)
C. ALEX NAEGELE,
A PROFESSIONAL LAW CORPORATION
95 South Market Street, Suite 300
San Jose, CA, 95113
Telephone: (408) 995-3224
Facsimile: (408) 890-4645
Email: alex@canlawcorp.com

[Proposed] Attorney for Kingsway Capital Partners, LLC
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 14-31532 HLB |
| Kingsway Capital Partners, LLC | Chapter 11 |
| Debtor. | **DECLARATION OF C. ALEX NAEGELE IN SUPPORT OF SUPPLEMENT TO *EX-PARTE* APPLICATION OF DEBTOR FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL** |
| | [No Hearing Requested] |

I, C. Alex Naegele, hereby declare:

1. I am an attorney duly licensed to practice in this State and before this Court, and a shareholder of the law firm of C. Alex Naegele, A Professional Law Corporation, the proposed attorney for Kingsway Capital Partners, LLC the debtor and debtor in possession (the "Debtor") in the above-captioned Chapter 11 case. I have personal knowledge of the facts set forth in this declaration, and if called to testify, would and could testify competently thereto. As to those matters stated on information and belief, I believe them to be true.

2. This Declaration is made in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and submitted in support of the Ex Parte Application For Order Authorizing And Approving Employment Of Counsel (the "Application") filed concurrently herewith.

3. On October 3, 2014, I had a telephone conference with Nathaniel Sobayo, sole member of Kingsway Capital Partners, LLC, the Debtor and Debtor in Possession herein (the "Debtor"). I reviewed the pleadings in this case to determine if this case could be successfully prosecuted.

4. After reviewing the pleadings in this case, I met with Nathaniel Sobayo on December 4, 2014, at which point Nathaniel Sobayo signed a fee agreement with my firm, C. Alex Naegele, A Professional Law Corporation for employment in this case.

5. Mr. Sobayo mentioned to me that the Court had set a deadline of December 5, 2014 for obtaining an attorney or else the case would be dismissed. I filed a notice of appearance on December 4, 2014.

6. From December 4, 2014 through December 22, 2014, I performed the following necessary and emergency services to prevent this case from being dismissed: 1) Informed Debtor to Open Debtor In Possession bank account and get documents for Initial Debtor Interview 2) Filed an Ex Parte Motion to Continue OSC Re: Lack of Counsel and Status Conference 3) Filed an Opposition To Motion For Relief From Stay 4) Attended a Relief From Stay Hearing 5) Called counsel for the U.S. Trustee to find out what needs to be done in this case 6) Gathered documents to get to U.S. Trustee for Initial Debtor Interview 7) Worked on two (2) past due monthly operating reports 8) Drafted a Chapter 11 status conference statement 9) Drafted an Application to Designate Responsible Individual 10) Attended the 341 Meeting Of Creditors 11) Attended a Status Conference hearing and 12) Amended the voluntary petition and schedules.

7. In the prior chapter 11 case in which I was successfully employed by the estate on behalf of the Debtor with no objections and where 95% of the fees were approved, I prosecuted the above work in paragraph 6 in approximately sixty (60) days.

8. In this case, I prosecuted the above work in only eighteen (18) days.

9. I belief that, had I not done the above work in paragraph 6 on an emergency basis, that this case most likely would have been dismissed.

10. I did not bring the Application to Employ of my firm C. Alex Naegele, A Professional Law Corporation, sooner, because I did not have sufficient time to complete all of the tasks in Paragraph 6 and file the Application to Employ combined with my other cases I am currently working on.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of December, 2014, at San Jose, California.

    /s/ C. Alex Naegele
C. Alex Naegele