C. Alex Naegele (CA Bar No. 255887)
C. ALEX NAEGELE,
A PROFESSIONAL LAW CORPORATION
95 South Market Street, Suite 300
San Jose, CA, 95113
Telephone: (408) 995-3224
Facsimile: (408) 890-4645
Email: alex@canlawcorp.com

Attorney for Kingsway Capital Partners, LLC
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 14-31532 HLB |
| | ) | |
| Kingsway Capital Partners, LLC | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | **MOTION OF DEBTOR FOR ORDER EXTENDING THE DEADLINE FOR ASSUMPTION OR REJECTION OF NON-RESIDENTIAL REAL ESTATE LEASES** |
| | ) | |
| | ) | Date: February 19, 2015 |
| | ) | Time: 10:00 a.m. |
| | ) | Courtroom: 23 |
| | ) | United States Bankruptcy Court |
| | ) | 235 Pine Street, 23rd Floor |
| | ) | San Francisco, CA, 94104 |
| | ) | |
| | ) | [Hon. Hannah L. Blumenstiel] |

Kingsway Capital Partners, LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), hereby moves the Court (the "Motion") for entry of an order, pursuant to sections §§ 105(a) and 365(d)(4)(B) of Title 11 of the United States Code (the "Bankruptcy Code"), extending the time for the Debtor to assume or reject all non-residential real property leases in which the Debtor is a lessee. This Motion is supported by the *Declaration*

*of Nathaniel Sobayo* and *Declaration of C. Alex Naegele,* which the Debtor is filing concurrently with this Motion.

Under Bankruptcy Code § 365(d)(4), a lease of nonresidential real property is deemed rejected if not assumed by the earlier of 120 days after entry of the order for relief, or the date of confirmation order is entered in the case. 120 days after the entry of the order for relief in this case is February 20, 2015.

This entire bankruptcy chapter 11 case rests on the Debtor assuming a non-residential lease for which Debtor is the tenant. This Court currently has a hearing set on February 19, 2015 to determine whether said lease was deemed terminated by operation of law. Therefore, the Debtor cannot file a motion to assume the lease prior to the Court ruling on the motion regarding lease termination. Under these facts, cause exists to extend the § 365(d)(4)(B) deadline to assume or reject a lease.

Debtor respectfully requests that the deadline to assume or reject a non-residential lease be extended by ninety (90) days, through May 21, 2015.

WHEREFORE, the Debtor respectfully requests that the Court grant this Motion and enter an Order:

1. Extending the deadline to assume or reject all non-residential leases through May 21, 2015.
2. For further relief as the Court deems fair and just under the circumstances.

Date: January 29, 2015

**C. ALEX NAEGELE**
**A PROFESSIONAL LAW CORPORATION**


By: /s/ C. Alex Naegele
  C. Alex Naegele (Cal. Bar No. 255887)
  Attorney for Kingsway Capital Partners, LLC
  Debtor and Debtor in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this disctrict pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## II.

## BACKGROUND FACTS

On October 23, 2014, the Debtor filed Chapter 11 bankruptcy. The Debtor only has one creditor, Maria Sosa and/or Maria Sosa's trust, the landlord of a non-residential lease in which the Debtor is the lesee. The entire purpose of this bankruptcy case is to assume the non-residential lease. This Court has set a hearing on February 19, 2015 to determine whether the non-residential lease has terminated by operation of law. The Debtor therefore cannot file a motion to assume the non-residential lease until this Court rules on the lease termination motion on February 19, 2015.

The facts related to the lease are as follows: On or around 2011, the Debtor began to lease a commercial space at 2148 University Ave., East Palo Alto, CA (the "Premises"). From 2011 to 2013, the Debtor paid rent to the landlord, Maria Sosa, and/or the Maria Sosa trust, without a written lease agreement. On January 29, 2013, the Debtor signed a 5 year lease agreement with Maria Sosa. The lease provided for rental payments of $1,750.00 per month.

The rental rate of $1,7500.00 per month to rent the Premises to be below the current market rate should the Debtor be evicted and required to rent a similar space in East Palo Alto, California. Assuming the 5 year lease is therefore beneficial to the Debtor and the Debtor's estate.

Between December, 2013 and January, 2014, heavy rainfall caused damage to the Premises, as well as damage to the Debtor's business property and Debtor's responsible individual's personal property located at the Premises. The Debtor's responsible individual contacted landlord Maria Sosa to inquire about repairing the Premises in January, 2014 and

further inquired whether Maria Sosa would compensate the Debtor and/or Debtor's responsible individual for damages to business and personal property. Maria Sosa and Debtor's responsible individual met on or around February, 2014 to discuss repairing the Premises. At that meeting was a repairman, Jeffrey Johnson, owner of Roof Guard Company, Inc., and the property manager of the Premises, Patrick Brock.

Following the February meeting, in March, 2014, the Debtor's responsible individual prepared a "Conflict Settlement Agreement & Memorandum of Understanding" for Maria Sosa to sign which stated that Maria Sosa would 1) Repair the Premises and 2) Compensate the Debtor and myself for business and personal property damages. Maria Sosa never signed the "Conflict Settlement Agreement & Memorandum of Understanding" Agreement.

Because Maria Sosa failed to agree that she would compensate the Debtor and/or Debtor's responsible individual for damages to business and personal property, and because the roof had not been satisfactorily repaired, the Debtor withheld rent on or around April or May, 2014. As of January, 2015, the roof still leaks from heavy rainfall in December, 2014. Over the next several months, communication broke down and the parties entered into litigation. Maria Sosa filed an unlawful detainer action against the Debtor. The Debtor filed a complaint in superior court for damages to business and personal property.

Finally, on October 23, 2014, the Debtor filed the above captioned chapter 11 case to 1) stay the unlawful detainer action 2) assume the 5 year lease and 3) litigate damages to business and personal property against Maria Sosa.

This Court held a hearing on December 8, 2014, and ordered the Debtor to pay rent to Maria Sosa from December, 2014 onwards. The Debtor paid December, 2014 rent to Maria Sosa, and Maria Sosa deposited the check on January 5, 2015.

The Debtor has fulfilled all necessary conditions to assuming the lease. However, due to the unresolved legal question about whether the lease has been terminated by operation of law, the Debtor is not able to file a motion to assume the lease at this time. Based on these facts, and the legal authorities below, Debtor believes there is cause to extend the deadline to assume the non-residential lease in this case.

# III.

# APPLICABLE LAW

**A.    Cause Exists To Extend The Deadline To Assume A Non-Residential Lease Under § 365(d)(4).**

Under Bankruptcy Code § 365(d)(4) a lease of nonresidential real property is deemed rejected if not assumed or rejected by the earlier of 120 after the entry of the order for relief, or the date a confirmation order is entered in the case. 11 U.S.C. § 365(d)(4). Subsection (B) allows a court to grant trustees a 90–day extension if the request is made prior to expiration of the 120–day period, and if the trustee is able to demonstrate cause for such an extension. *Id.*

Cause under § 365(d) is not a defined term. In examining cause under § 365(d)(4), courts have looked at the following factors: (1) whether the lease is the primary asset; (2) whether amounts due under the lease are being paid; (3) whether there will be any potential prejudice to the landlord from noncompensable damages; (4) whether the case is unusually large or complex; and (5) any other factor demonstrating the lack of a reasonable period of time for the trustee to decide whether to assume or reject. COLLIER ON BANKRUPTCY, ¶ 365.04[3][f] at 365–38 (15th ed. rev. 2007); *see also In re Victoria Station Inc.*, 88 B.R. 231 (9th Cir. BAP 1988)(factors include 1) whether lease is primary asset of Debtor and 2) whether lessor continues to receive rental payments and 3) whether case is complex).

Here, the factors for "cause" to extend the time to assume the lease weigh in favor of granting the lease. First, the lease is the primary asset of the Debtor in this case. This entire case hinges on the Debtor being able to assume the lease and either pay back the past due rent through the plan and/or seeking an offset against the landlord for failure to repair the premises properly and/or damages to the Debtor's property. Therefore, the first factor weighs strongly in favor of granting the extension.

Second, the amounts due under the lease are being paid. Since this Court instructed the Debtor to continue making rental payments under the lease in December, 2014, the Debtor has made such payments and the landlord has accepted the rent. Therefore, this second factor weighs heavily in favor of granting the extension as well.

Third, while this case is not unusually complex, this Court must necessarily decide whether the lease has terminated by operation of law prior to this Court ruling on a motion to assume the lease. The Court has set a hearing on the legal question of whether the lease has terminated by operation of law on February 19, 2014. Therefore, a motion to assume the lease is premature given that this legal determination is a necessary factor that must be decided prior to the Debtor filing a motion to assume the lease.

## IV.

## CONCLUSION

WHEREFORE, based on the foregoing, and for good cause shown, the Debtor respectfully requests that the Court enter and Order 1) Extending the time for the Debtor to assume or reject non-residential lease through May 21, 2015 and 2) For further relief as the Court deems fair and just under the circumstances.

Date: January 29, 2015

**C. ALEX NAEGELE**
**A PROFESSIONAL LAW CORPORATION**

By: /s/ C. Alex Naegele
C. Alex Naegele (Cal. Bar No. 255887)
Attorney for Kingsway Capital Partners, LLC
Debtor and Debtor in Possession