C. Alex Naegele (CA Bar No. 255887)
C. ALEX NAEGELE,
A PROFESSIONAL LAW CORPORATION
95 South Market Street, Suite 300
San Jose, CA, 95113
Telephone: (408) 995-3224
Facsimile: (408) 890-4645
Email: alex@canlawcorp.com

Attorney for Kingsway Capital Partners, LLC
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 14-31532 HLB |
| Kingsway Capital Partners, LLC | Chapter 11 |
| Debtor. | **MOTION OF DEBTOR TO APPROVE PAYMENT OF PRE-PETITION FRANCHISE TAXES *NUNC PRO TUNC* TO DECEMBER 29, 2014 TO DELAWARE SECRETARY OF STATE** |
| | Date: February 19, 2015<br>Time: 10:00 a.m.<br>Courtroom: 23<br>    United States Bankruptcy Court<br>    235 Pine Street, 23rd Floor<br>    San Francisco, CA, 94104 |
| | [Hon. Hannah L. Blumenstiel] |

Kingsway Capital Partners, LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), hereby moves the Court (the "Motion") pursuant to sections §§ 105(a), 363, and 507(a)(8) of Title 11 of the United States Code (the "Bankruptcy Code"), for approval of a payment of pre-petition franchise taxes to the Delaware Secretary of State *nunc pro*

*tunc* to December 29, 2014. This Motion is based upon the *Declaration of C. Alex Naegele* and the *Declaration of Nathaniel Sobayo*, as well as the facts law summarized as follows:

    Shortly after Debtor's counsel entered an appearance on December 4, 2014, Debtor's counsel discovered that Debtor's charter to conduct business had been revoked by the Delaware Secretary of State for failure to pay back franchise taxes. Following a telephone call with counsel for the U.S. Trustee in which the U.S. Trustee gave Debtor's counsel thirty six (36) hours to submit all required documents for the initial debtor interview, 341 meeting of creditors and file all back monthly operating reports, or face a motion to dismiss this case, Debtor's counsel instructed the Debtor to pay the pre-petition franchise taxes in December, 2014 or else the U.S. trustee might file a motion to dismiss this case for failure to obtain the required authority to prosecute this case.

    The Debtor did not obtain court approval prior to paying the pre-petition tax debt due to the exigent circumstances described above. The Debtor now seeks retroactive approval of the payment of the pre-petition franchise tax as of December 29, 2014, the date the Delaware Secretary of State deposited the Debtor's check.

    This Court has authority to approve the payment of the pre-petition taxes under §105(a), § 363(b), and § 507(a)(8) of the Bankruptcy Code, as well as under the "Doctrine of Necessity." This Court also has the power to enter the order *nunc pro tunc* under the Supreme Court case *Mitchell v. Overman*, 103 U.S. 62, 63-65 (1880).

    WHEREFORE, the Debtor hereby moves this Court to 1) Approve the payment of the pre-petition franchise taxes *nunc pro tunc* to December 29, 2014, and 2) grant further relief as necessary and appropriate under the circumstances.

Date: January 29, 2015

                                                               C. ALEX NAEGELE
                                                               A PROFESSIONAL LAW CORPORATION

                                                               By: /s/ C. Alex Naegele
                                                                 C. Alex Naegele (Cal. Bar No. 255887)
                                                                 Attorney for Kingsway Capital Partners, LLC
                                                                Debtor and Debtor in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this disctrict pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

## II.

## BACKGROUND FACTS

On October 23, 2014, the Debtor filed Chapter 11 bankruptcy. On or about December 4, 2014, the Debtor retained counsel in this proceeding. Upon entering an appearance, counsel for Debtor realized that there was a pending order to show cause regarding dismissal of this case for failure to hire an attorney, and several required documents had not been filed with the Court, given to the United States trustee.

Debtor's counsel sought to "clean up" this case as quickly as possible. During Debtor's counsel's investigation of the things needed to be done, Debtor's counsel discovered that the Debtor's authority to conduct business with the Delaware Secretary of State had been revoked and the LLC cancelled. To prevent a motion to dismiss this case by the U.S. Trustee for failure to maintain all necessary licenses and certificates, Debtor's counsel advised the Debtor to pay the back Delaware Franchise Taxes and reinstate Debtor's authority to conduct business prior to the 341 meeting of creditors. The Debtor did not obtain authority from this Court to pay this pre-petition Debt because the U.S. Trustee only gave the Debtor thirty six (36) hours to complete all necessary tasks, or else the U.S. Trustee would file a motion to dismiss this case. The Debtor now seeks retroactive approval of this payment on a pre-petition debt.

As of January 29, 2015, tthe Debtor's authority to conduct business with the Delaware Secretary of State has been reinstated, and the Debtor now has full authority to prosecute this Chapter 11 case.

# III.

# APPLICABLE LAW

**A.  The Delaware Franchise Taxes Are Priority Taxes Under §507(a)(8) And Must Be Paid In The Chapter 11 Plan; Therefore, No Creditor Will Be Prejudiced By The Court Granting This Motion Since Payment Only Modifies The Timing Of Payment Of The Tax.**

Bankruptcy code section §507(a)(8) provides that unsecured claims for governmental taxes are generally priority tax claims and therefore not subject to a bankruptcy discharge and must be paid in full in the chapter 11 plan.  The Debtor has reported the Delaware Franchise Taxes as priority tax claims on its amended schedules. *See* ECF No. 68.   These taxes will need to be paid in full upon confirmation of the chapter 11 case.  Since the Debtor intends to propose a 100% plan (subject to any valid setoffs under state law), then the payment of these priority taxes will not affect the amount that any other creditor will receive in the plan.  Instead, payment of these priority taxes is simply modifying the timing of the payment.

**B.  This Court Is Empowered To Grant This Motion Under §105(a) and § 363(b) Of The Bankruptcy Code And Under The "Doctrine Of Necessity".**

This Court is authorized to grant this Motion under the broad powers of the bankruptcy court to approve valid business decisions of the Debtor under Sections §105(a) and § 363(b) of the Bankruptcy Code, as well as the "doctrine of necessity" articulated in *Miltenberger v. Longansport Ry. Co.* 106 U.S. 286 (1882).

In order to protect against diminution in the value of debtor's estate and going-concern enterprise, bankruptcy courts commonly authorized the payment of prepetition obligations in advance of a confirmed chapter 11 plan. *See In re CoServ, L.L.C.* 273 B.R. 487, 497 (Bankr N.D. Tex. 2002): *see also In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (Preplan Payment of prepetition wages authorized).   In reaching a determination that the preplan payments are both necessary and appropriate, courts have relied on legal theories premises on bankruptcy code sections 105(a), 363(b), 1107(a), and 1108 of the bankruptcy code.

Bankruptcy Code §105(a) provides that "[t]he court may issue any order, process, or

judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). Bankruptcy Code §363(b), combined with the "doctrine of necessity", allows a bankruptcy court to exercise its equitable powers to authorize a debtor to pay prepetition claims when necessary under the particular facts of the case. *See, e.g., In re Tropical Sportswear Int'l Corporation*, 320 B.R. 15, 19-20 (Bankr. M.D. Fla. 2005) (authorizing debtor to pay pre-petition claims of critical vendors); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D. N.Y. 1989) ("Section 363(b) gives the court broad flexibility in tailoring its orders to meet a wide variety of circumstances"); *see also In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 155 (D. Del. 1999) ("Section 363(b) should be interpreted liberally to provide a bankruptcy judge with 'substantial freedom to tailor his orders to meet differing circumstances' and to avoid 'shackling the judge with unnecessarily rigid rules'").

Under Bankruptcy Code § 363(b), courts generally grant such relief if Debtor articulates a sound business purpose. *See Fulton State Bank v. Schipper* (*In re Schipper*), 933 F.2d 513, 515 (7th Cir. 1991); *In re Aerovox, Inc.*, 269 B.R. 74, 80 (Bankr. D. Mass. 2001). The "debtor's business decision should be approved by the court unless it is shown to be so manifestly unreasonable that it could not be based upon sound business judgment, but only on bad faith, or whim or caprice." *In re Aerovox, Inc.*, 269 B.R. at 80 (internal citation omitted). As set forth below, Debtor has sound business justifications for granting the relief requested herein.

Here, the decision of the Debtor to pay the pre-petition taxes had a sound business purpose because if the pre-petition franchise taxes were not paid: 1) The U.S. trustee might have filed a motion to dismiss this case 2) The Delaware taxing authorities might have sought to suspend the Debtor's business operations, file liens, lift the automatic stay, and pursue other remedies harmful to the Debtor's estate that would have prevented the successful prosecution of this Chapter 11 case. Therefore, under these facts, the Debtor had a sound business reason for paying the taxes and this Motion should be granted under §105(a), § 363(b), and the "doctrine of necessity."

**C. The Court Should Grant *Nunc Pro Tunc* Approval Of This Motion Because It Was Not Possible To Obtain Court Permission In The Time Required To Pay The Tax.**

The United States Supreme Court has stated that entry of an order retroactively (i.e. *nunc pro tunc*) is permissible "where the delay has been caused either for [the Court's] convenience, or by the multiplicity or press of business, either the intricacy of the questions involved, or of any other cause not attributable to the laches of the parties, the judgment or the decree may be entered retrospectively, as of a time when it should or might have been entered up." *Mitchell v. Overman*, 103 U.S. 62, 63-65 (1880). The Supreme Court has further stated that each case should be granted or refused such as justice may require under the facts and circumstances of each case. *Id.*

The Debtor believes that the facts and circumstances justify retroactive approval of the payment of pre-petition taxes, which were paid on December 29, 2014. As more fully explained below, and supported by the *Declaration of C. Alex Naegele* and the *Declaration of Nathaniel Sobayo,* the failure to obtain approval before payment was not due to the latches of the parties, but rather the extremely short timeline given by the United States Trustee to "clean up" this case or face a motion to dismiss.

Thos facts are as follows: On or about December 4, 2014, Debtor retained counsel, who entered an appearance in this action on December 4, 2014. Debtor's counsel was not able to reach counsel for the U.S. Trustee from December 3, 2014 through December 8, 2014. On December 9, 2014, Debtor's counsel had a telephone call with counsel for the United States Trustee. Counsel for the U.S. Trustee stated that she was in the process of preparing a motion to dismiss this case on December 9, 2014. Debtor's counsel requested an extension to get all of the back due documents to the U.S. Trustee before the U.S. Trustee filed a motion to dismiss. Counsel for the U.S. Trustee gave Counsel for the Debtor thirty six (36) hours to complete the task, until 5:00 p.m. on December 10, 2014, or else the U.S. Trustee would file a motion to dismiss this case.

Debtor's counsel successfully gathered, completed and submitted 95% of the required documents to the U.S. Trustee by 5:00 p.m. on December 10, 2014. Debtor's counsel submitted

the remaining 5% of the documents on December 11, 2014. In connection with Debtor's counsel's investigation of past due documents, Debtor's counsel paid $20 to the Delaware Secretary of State to check on the status of the Debtor. The December 10, 2014 status report shows the Debtor's status as "Cancelled-Void" with a franchise tax balance due of $1,593.

Because the U.S. Trustee had required everything to be in order or else the U.S. Trustee would file a motion to dismiss, Debtor's counsel instructed the Debtor's responsible individual to pay the $1,593.00 and reinstate the Debtor's good standing with the Delaware Secretary of State as soon as possible before the 341 meeting of creditors on December 16, 2014, so that the Debtor could show the U.S. Trustee at the 341 meeting of creditors that the Debtor was in the process of "cleaning up" everything that needed to be done to successfully prosecute this Chapter 11 case.

The Debtor did not file a motion to pay pre-petition taxes before December 16, 2014, as the six (6) day window did not allow the Debtor sufficient time to obtain court approval to make the payment given the thirty six (36) hour deadline set by the United States Trustee to come into compliance or face a motion to dismiss this case. The Debtor therefore brings this Motion after the fact and seeks retroactive approval based on the fact and declarations to this Motion.

Based on the facts above, Debtor believes that this justifies *nunc pro tunc* approval of the payment of taxes, to December 29, 2014, when the taxes were paid.

## IV.

## CONCLUSION

WHEREFORE, based on the foregoing, and for good cause shown, the Debtor respectfully requests that the Court enter and Order 1) Approving Payment Of Pre-Petition Franchise Taxes To The Delaware Secretary of State *nunc pro tunc* to December 29, 2014, and 2) For further relief as the Court deems fair and just under the circumstances.

Date: January 29, 2015

C. ALEX NAEGELE
A PROFESSIONAL LAW CORPORATION

By: /s/ C. Alex Naegele
C. Alex Naegele (Cal. Bar No. 255887)
Attorney for Kingsway Capital Partners, LLC
Debtor and Debtor in Possession