C. Alex Naegele (CA Bar No. 255887)
C. ALEX NAEGELE,
A PROFESSIONAL LAW CORPORATION
95 South Market Street, Suite 300
San Jose, CA, 95113
Telephone: (408) 995-3224
Facsimile: (408) 890-4645
Email: alex@canlawcorp.com

Attorney for Kingsway Capital Partners, LLC
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 14-31532 HLB |
| Kingsway Capital Partners, LLC | Chapter 11 |
| Debtor. | ***EX PARTE* MOTION TO CONTINUE HEARINGS ON FEBRUARY 19, 2015 FROM 10:00 A.M. TO 2:00 P.M.** |
| | [No hearing requested] |

Kingsway Capital Partners, LLC, debtor and debtor in possession herein (the "Debtor") moves the Court (the "Motion") to continue the hearings in this case currently set for February 19, 2015, at 10:00 a.m. to the Court's 2:00 p.m. calendar the same day, or, in the alternative, to the Court's next available date, on the grounds that the Debtor's counsel has a conflicting oral argument hearing before the ninth circuit bankruptcy appellate panel on February 19, 2014 at 9:00 a.m.

EX PARTE MOTION TO CONTINUE HEARING - 1

## I. STATEMENT OF FACTS

The Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code on October 23, 2014. The Debtor is an LLC and filed the petition without counsel. Debtor retained counsel on December 4, 2014, and Debtor's counsel entered a notice of appearance on December 4, 2014.

On December 8, 2014, the Court held a hearing on creditor and landlord Maria Sosa's ("Sosa") relief from stay. Debtor's counsel proposed to file a motion to assume the lease of Sosa and pay back rent through the plan. The Court set a hearing on whether Debtor's withholding of rent terminated the lease by operation of law on February 19, 2015 at 2:00 p.m.

In an unrelated case for which Debtor's counsel is also the attorney, on January 9, 2015, the ninth circuit bankruptcy appellate panel set an oral argument hearing in NC-14-1025-TaPaJu *Cote vs. Al V., Inc.* for February 19, 2015 at 9:00 a.m. Debtor's counsel checked his calendar and found that the 9:00 a.m. appearance did not conflict with the 2:00 p.m. appearance on February 19, 2015 in this matter and filed an attorney acknowledgment form with the ninth circuit bankruptcy appellate panel confirming Debtor's counsel's availability for that date and time.

On January 29, 2014, Debtor's counsel filed two additional motions – 1) A Motion To Extend Time To Assume Lease and 2) A Motion To Pay Pre-Petition Taxes on behalf of the Debtor. Debtor's counsel accidentally set the hearing on these motions for February 19, 2014 at 10:00 a.m., in an attempt to have the Motion To Extend Time heard before the expiration of the 120 day time period for the Debtor to assume the lease. Debtor's counsel made a mistake in this regard, as Debtor's counsel had previously committed to appear at the ninth circuit bankruptcy appellate panel hearing February 19, 2014 at 9:00 a.m.

Subsequently, the Court re-set the creditor Sosa's motion regarding lease termination for February 19, 2014 from 2:00 p.m. to 10:00 a.m. All three motions are now set for February 19, 2014 at 10:00 a.m.

The bankruptcy appellate panel calendar has five (5) cases on calendar at 9:00 a.m. and NC-14-1025-TaPaJu *Cote vs. Al V., Inc.* is fourth, meaning the oral argument is likely to be heard closer to 10:00 a.m.

In this motion to continue, the Debtor seeks to continue this hearing from this Court's 10:00 a.m. calendar on February 19, 2015 to this Court's 2:00 p.m. calendar the same day.

**II.     ARGUMENT**

**A.     There Is Good Cause Under FRCP 6 To Grant The Extension Requested In This Motion.**

Federal Rule of Civil Procedure ("FRCP") 6 governs extending time for good cause. FRCP 6 states as follows:

(b) Extending Time

(1) *In General*. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect

The deadlines to continue the hearing have not yet passed, and therefore, the standard applicable is under FRCP 6(b)(1)(A) rather than FRCP 6(b)(1)(B). The test under FRCP 6(b)(1)(A) is whether or not there is "good cause." *See Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). "Good cause" is not an especially rigorous standard and has been interpreted broadly. *See Ahanchian v. Xenon Pictures Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2013). Pre-expiration extensions are granted routinely if they are sought in good faith and do not prejudice the adversary. *See Murphy v. Eddie Murphy Productions, Inc.*, 611 F.3d 322, 324 (7th Cir. 2010).

Here, the Debtor's counsel accidentally scheduled the hearing on the Debtor's two motions in conflict with another hearing Debtor's counsel had that same day. Debtor's attorney is entirely at fault for this conflict. Debtor's attorney scheduled the hearings by accident, and not

for the purpose of attempting to hinder or delay these proceedings. The Debtor therefore believes that this motion is therefore being brought in "good faith" and not for the purpose of delay. The Court then re-set the lease termination hearing for 10:00 a.m. based on the Debtor's setting these hearings for 10:00 a.m.

Moreover, a continuance of four hours is not likely to prejudice Sosa's attorney, especially since this was the original hearing date and time that the Court set for Sosa's motion.

Based on these facts, the Debtor requests that he Court set the Debtor's two motions on the Court's 2:00 p.m. calendar.

Should this Court find that the applicable standard is FRCP 6(b)(1)(B) rather than FRCP 6(b)(1)(A), the Debtor meets this test as well. The test under FRCP 6(b)(1)(A) is whether or not there is "good cause" *and* "excusable neglect". *See Murphy v. Eddie Murphy Productions, Inc.*, 611 F.3d 322, 324 (7th Cir. 2010). "Excusable neglect" has been shown where counsel has an inadvertent, good faith, and understandable calendaring error, as occurred in this case. *See Kirkland v. Guardian Life Ins. Co.*, 253 Fed.Appx. 293, 295 (11th Cir. 2009). In determining whether there is "excusable neglect," courts have looked to the following factors: 1) The prejudice to the opponent 2) the length of delay and its potential impact on the course of the judicial proceedings 3) The causes for the delay 4) The moving party's good faith 5) Whether the omission was the result of ignorance of the procedural rules 6) Whether the excuse can be verified 7) Whether the result was foreseeable and 8) Whether the omission constituted a lack of diligence. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 390-95, 113 S.Ct. 1489, 1496-98, (1993).

Here, the opponent, Sosa, will suffer little or no prejudice by moving the hearing back to the Court's 2:00 p.m. calendar. In fact, when Debtor's counsel emailed Sosa's counsel to request a stipulation, Sosa's counsel had not yet received this Court's notice of moving the hearing to the 10:00 a.m. calendar and assumed the hearing was still set for the Court's 2:00 p.m. calendar. *See Declaration of C. Alex Naegele,* Exhibit C. Second, Debtor's counsel moved to correct his mistake in three (3) court days after the initial scheduling error – such actions were diligent and prompt 3) The cause was Debtor's counsel's oversight, which as described above has been found

to constitute excusable neglect by the Court in *Kirkland v. Guardian Life Ins. Co* 4) As more fully set forth in the *Declaration of C. Alex Naegele*, this motion is being brought in good faith and not to hinder or delay these proceedings 5) This delay was not caused by ignorance of the procedural rules but rather an oversight 6) the excuse can be verified, as set forth in the *Declaration of C. Alex Naegele* 7) The result was foreseeable 8) The omission constituted oversight and not a lack of diligence.

Based on the *Pioneer* factors, seven out of eight factors weigh in favor of finding "excusable neglect." Moreover, Debtor's counsel does not seek to modify the Court's briefing deadline of February 13, 2015 as the date by which the Debtor should respond. Debtor only seeks to modify the hearing. Therefore, since the Debtor only seeks to modify the hearing and not any briefing deadlines, Sosa will not be unduly prejudiced by the Debtor's attorney receiving additional time fore briefing.

In contrast, the Debtor will be prejudiced if this motion is not granted. The legal issues at the February 19, 2015 hearing are expected to be complex issues of the intersection between state law and bankruptcy law, the outcome of which determine this entire bankruptcy case. Failure to grant this motion may result in the Debtor losing the motion and dismissing this entire Chapter 11 case.

Therefore, since this motion is being brought in good faith, excusable neglect has been shown under the *Pioneer* factors, and the opponent will suffer little or no prejudice by this Court placing all three motions on the Court's 2:00 p.m. calendar on February 19, 2015, Debtor respectfully requests that this Court continue the hearing from 10:00 a.m. to 2:00 p.m. on February 19, 2015.

**III.    CONCLUSION**

WHEREFORE, Debtor respectfully requests that the 1) Motion To Extend Time To Assume Lease 2) Motion To Pay Pre-Petition Taxes and 3) Motion Regarding Lease Termination be heard on the Court's 2:00 p.m. calendar on February 19, 2014, or as soon thereafter as the Court's calendar may allow.

| | | |
|---|---|---|
| 1 | | **C. ALEX NAEGELE,** |
| 2 | | **A PROFESSIONAL LAW CORPORATION** |

Date: February 3, 2015   By:  /s/ C. Alex Naegele
                                C. Alex Naegele
                                Attorney for Kingsway Capital Partners, LLC,
                                Debtor and Debtor in Possession