Entered on Docket
February 18, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: February 18, 2015

**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re: ) Case No. 14-31532 HLB
)
KINGSWAY CAPITAL PARTNERS, LLC, ) Chapter 11
)
        Debtor. )
_____ )

**TENTATIVE RULING DENYING MOTION FOR RELIEF FROM STAY**

    This matter comes before the Court on creditor Maria Sosa's Motion for Relief from Stay (the "Motion"). Debtor has opposed the Motion; Ms. Sosa has replied.

    The parties do not dispute that relief from stay should be granted if Debtor is unable to assume the lease between the Debtor and Ms. Sosa dated January 16, 2013. The parties correctly cite to controlling Ninth Circuit authority for determination of the assumability of a lease. <u>City of Valdez v. Waterkist Corp.</u> (<u>In re Waterkist Corp.</u>), 775 F.2d 1089 (9th Cir. 1985); <u>In re Windmill Farms, Inc.</u>, 841 F.2d 1467 (9th Cir. 1988). <u>Waterkist</u> outlines a two-part test for determining whether a lease can be assumed:

    1)    The court must determine if the lease terminated prior to the petition; and

2) If it did, the court must determine if the termination is reversible under state law. Waterkist, 775 F.2d at 1091. The purpose of this test is straightforward:

> This approach serves two purposes. It prohibits the debtor-in-possession from using the bankruptcy process to assume a lease or executory contract which would not have been assumable absent the bankruptcy proceedings. It also permits the debtor-in-possession the same opportunities to avoid forfeiture of a lease or executory contract that it would have received under state law absent the bankruptcy proceedings. See Butner v. United States, 440 U.S. 48, 55, 59 L. Ed. 2d 136, 99 S. Ct. 914 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.").

Id. If a nonresidential lease has terminated under state law, there is nothing to assume. Windmill Farms, 841 F.2d at 1469.

Turning first to termination of the lease, under California law, a court should consider the lease terminated as of the filing of an unlawful detainer action if the following requirements are met: (1) the landlord provided proper three days' notice to pay rent or vacate; (2) the lessee failed to pay rent during that period; and (3) the notice contained an election of forfeiture. Id. at 1471. The parties do not dispute that (2) and (3) have been satisfied. Debtor has not paid rent since May 2014, satisfying prong (2). In addition, the three days' notice contains the language: "[i]n the event you fail [pay rent], legal proceedings will be instituted against you to recover possession of the premises [and] declare the forfeiture of the rental agreement or lease under which you

occupy the premises . . . ." This language is a valid declaration of intent to elect forfeiture that satisfies prong (3) of the Windmill Farms test. Neuhaus v. Norgard, 35 P.2d 1039, 1041, 140 Cal. App. 735, 739-40 (1934). Therefore, the only dispute is whether or not Ms. Sosa provided proper three days' notice.

Sufficiency of the three days' notice is governed by section 1162 of the California Code of Civil Procedure. That section provides that, with respect to commercials leases, service of the notice may be made upon (1) the tenant personally; (2) if the tenant is absent, by leaving notice with a competent person at the premises, provided notice is also mailed; and (3) if a competent person cannot be found with due diligence, by affixing a copy of the notice in a conspicuous place on the property. Cal. Code Civ. Proc. 1162(c). Debtor challenges the sufficiency of service of the three days' notice on three grounds: (1) since the property is owned by the Maria G. Sosa Trust, and not Ms. Sosa, the three days' notice was ineffective; (2) Debtor was not properly served in a manner listed in section 1162; and (3) the commercial lease's express requirement that notices be mailed in writing supersedes the statutorily authorized methods of service, and Ms. Sosa failed to comply with those contractual notice provisions.

Debtor's first ground is not well-taken. While it appears that the property may be titled to the Trust, the lease identifies Ms. Sosa as lessor. As a party to the lease, Ms. Sosa is entitled to elect forfeiture. Further, as trustee of the Maria G. Sosa Trust, Ms. Sosa would have the authority to

**TENTATIVE RULING DENYING MOTION
FOR RELIEF FROM STAY** - 3 -

take actions on behalf of the Trust, including sending notice pursuant to section 1162. Therefore, whether Ms. Sosa was acting on her own or on behalf of a principal is irrelevant; she would be the person responsible for initiating such a notice.

Turning to sufficiency of service of the three days' notice, there exists a dispute of fact. Ms. Sosa claims that she personally served Debtor with the three days' notice. Debtors' principal Mr. Sobayo disputes this fact, and claims never to have received the three days' notice by personal service. As valid service of the notice is a predicate to forfeiture, an evidentiary hearing is necessary for the Court to determine if service of the three days' notice was in fact proper. Windmill Farms, 841 F.2d at 1471.

Turning to the question concerning the satisfaction of the lease's notice provisions, Debtor argues an evidentiary hearing is not necessary since the commercial lease permitted only one form of service, which Ms. Sosa failed to use. The Court agrees. California courts have found that, in commercial leases, the landlord and tenant may agree to notice procedures that differ from those provided in section 1162. Culver Center Partners East #1, L.P. v. Baja Fresh Westlake Village, Inc., 110 Cal. Rptr. 3d 833, 836, 185 Cal. App. 4th 744, 750 (Cal. App. 2d Dist. 2010); Folberg v. Clara G. R. Kinney Co., 163 Cal. Rptr. 426, 428-429, 104 Cal. App. 3d 136, 140-141 (Cal. App. 1st Dist. 1980)(parties to commercial lease may lawfully agree to notice provisions different from those provided in sections 1161 and 1162); 250 L.L.C. v. PhotoPoint Corp., 32

Cal. Rptr. 3d 296, 307, 131 Cal. App. 4th 703, 718 (Cal. App. 1st Dist. 2005)(parties to commercial leases may waive rights under the civil code). If the lease contains service requirements for the notice to quit at variance with the requirements in the unlawful detainer statutes, the lease provisions control. Folberg, 163 Cal. Rptr. at 429.

The commercial lease provides: "[n]otices under this Lease shall not be deemed valid unless given or served in writing and forwarded by mail, postage prepaid, addressed as follows . . . Nathaniel Basola Sobayo, dba: Kingsway Capital Partners, LLC, P.O. Box 1052, Palo Alto, CA 94302." The lease goes on to state that the parties may change their respective addresses from time to time. There is no evidence in the record that service of the three days' notice was made in accordance with the parties' agreement; however there is direct evidence in the form of Mr. Sobayo's declaration, indicating that the three days' notice was never mailed to the address listed on the commercial lease. On this basis, it would appear service of the three days' notice was invalid. Accordingly, the Court is inclined to find that the lease did not terminate prior to the petition date.

Even if the Court were to find that the lease did terminate, the lease may still be assumed if the Court finds that Debtor would be entitled to relief from termination under state law. Debtor asserts that two statutes provide for such relief, California Code of Civil Procedure sections 1174(c) and 1179. Debtor is half right. Section 1174(c) does not permit cure of a lease where a landlord has elected the remedy of

forfeiture. As noted above, the three days' notice provided by Ms. Sosa sufficiently indicates an election of forfeiture. Therefore, section 1174(c)'s cure remedy is not available.

However, the termination of a lease may still be unwound by section 1179. That section permits a court to relieve a tenant from forfeiture of a lease in order to avoid hardship. In determining whether the forfeiture of a lease would constitute hardship, California courts apply a balancing test, weighing the hardship tenant would suffer from forfeiture against the hardship the landlord would suffer if the lease were reinstated. <u>Thrifty Oil Co. v. Batarse</u>, 220 Cal. Rptr. 285, 290, 174 Cal. App. 3d 770, 777 (Cal. App. 2d Dist. 1985). Factors the court should consider include the nature of the breach, the hardship to each party, the good faith of either party, the bad faith of either party, the degree of arbitrariness or unreasonableness on the part of the lessor, and any other relevant factors. <u>Id.</u> In the context of a bankruptcy case, hardship upon the estate may also be considered. <u>In re FOOD RESOURCES</u>, 1987 Bankr. LEXIS 204 (Bankr. E.D. Cal. Feb. 3, 1987).

Debtor asserts several factors weigh in its favor. First, Debtor's current rent of $1,750 per month is below market, and the cost of rent for comparable space in the area is now $3,000 to $3,500 per month. Second, Debtor asserts its failure to pay was in good faith based upon its belief that Ms. Sosa was in breach of the lease for failure to make repairs. Ms. Sosa asserts that reinstatement of the lease would work an undue hardship upon her due to the pending sale of the property. Ms.

**TENTATIVE RULING DENYING MOTION FOR RELIEF FROM STAY** - 6 -

Sosa indicates that permitting the lease to be reinstated, and thus assumable, would cause her current sale to fall through, and make it impossible to find another buyer. Ms. Sosa asserts that this is a hardship because she is currently not in a financial position to continue ownership of the property. Finally, she asserts that the toxic relationship between her and Debtor would only worsen if allowed to continue.

Examining the relevant hardships, the Court believes that permitting the forfeiture to stand would cause greater hardship to the Debtor than reinstating the lease would cause to Ms. Sosa. The Court first looks at the nature of the breach. Generally, covenants to repair and to pay rent are considered dependent, and failure of the landlord to perform suspends the tenant's obligation to perform. See generally, Restatement (Second) of Property (Landlord & Tenant) § 7.1 (1977). California's Supreme Court has adopted this view with respect to residential leases. Green v. Superior Court of San Francisco, 517 P.2d 1168, 10 Cal. 3d 616 (1974). California appellate courts have repeatedly refused to apply Green in the context of commercial agreements, applying instead the common law independent covenant doctrine, which does not relieve a tenant of the duty to pay rent. Schulman v. Vera, 166 Cal. Rptr. 620, 625, 108 Cal. App. 3d 552, 560 (Cal. App. 4th Dist. 1980); Custom Parking v. Superior Court, 187 Cal. Rptr. 674, 679, 138 Cal. App. 3d 90, 97 (Cal. App. 1st Dist. 1982). Still, Debtor's breach is not due to an inability to pay, but instead a desire to compel Ms. Sosa to comply with the terms of the parties' bargain. If Debtor were to pay all back due rent

(as would be necessary in order to assume the lease under section 365 of the Bankruptcy Code), then Ms. Sosa would have the benefit of her bargain going forward. For this reason, the nature of the breach weighs in favor the Debtor.

Along these same lines, the Court is inclined to find that Debtor, although woefully misguided and at times hostile, has generally acted in good faith. While Debtor was in technical breach of the lease by not paying rent, Debtor's refusal to pay rent was motivated by Ms. Sosa's alleged failure to make repairs.

Ms. Sosa has not denied that she has a duty to make repairs. Nor has she denied allegations that the building suffered damage from rainfall, was leaking, and continues to leak. In fact, her pleadings impliedly acknowledge that she knew she possessed such a duty (Ms. Sosa asserts in her moving papers that her counsel informed Debtor of his obligation to pay rent despite her failure to make repairs). While Debtor's self-help may not be a permissible remedy under California law, he does not appear to be motivated by anything other than an effort to gain Ms. Sosa's compliance with the lease.

Further, Debtor would clearly suffer hardship from the forfeiture of the lease. The relocation of Debtor's business would be an expense to the estate, and at least temporarily, would result in a reduction of income to the estate. This works against both Debtor's interest, and the interests of Debtor's creditors.

Ms. Sosa's arguments are not as convincing. The lease expressly provides that "[t]he landlord will be responsible for

all repairs to the building, all appurtenant, inside and outside the property, which include all plumbing, electrical, roof, ceiling, and all fixtures." Further, the lease provides that "[i]f the Premises are partially destroyed by fire or other casualty to an extent that prevents the conducting of Tenant's use of the Premises in a normal manner . . . ." Ms. Sosa had a duty to repair the premises and she appears not to have done so. It seems unjust to permit a landlord to breach her obligation under a lease, and then evict a tenant when they attempt to compel compliance.

    Given all of these factors, the Court is inclined to conclude that, even if the three days' notice were valid, a forfeiture of the lease would be a hardship on Debtor such that relief would be obtainable under California law. Given that the lease would not be deemed terminated, it would be assumable upon prompt cure by Debtor.

    Accordingly, the Court is inclined to **DENY** the Motion. The Court invites the parties to e-mail Courtroom Deputy Ben Gapuz (benjamin_gapuz@canb.uscourts.gov) to indicate whether they accept the tentative ruling. If both parties accept the tentative ruling, the Court will: (1) vacate the hearing on the Motion set for February 19, 2015; and (2) enter an order consistent with this tentative ruling. Regardless, the other hearings in this case set for February 19, 2015 will proceed as scheduled.

**\*\*END OF ORDER\*\***

**TENTATIVE RULING DENYING MOTION FOR RELIEF FROM STAY**

- 9 -

## Court Service List

**Slavik S. Leydiker**
Law Office of Steve Leydiker
1771 Woodside Road
Redwood City, CA 94061